UNITED STATES *v.* CHILDS, TRUSTEE IN BANK-RUPTCY OF J. MENIST COMPANY, INC.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 80. Submitted October 14, 1924.—Decided November 24, 1924.

In the provision of the Act of 1916 (§ 14–a, Tit. I, Part II, 39 Stat. 756) adding the sum of 5% to delinquent income tax and "interest" at the rate of 1% per month upon the tax from the time it became due, the interest is not penal but compensatory, and its allowance, on a claim by the Government against a bankrupt, is therefore consistent with § 57–j of the Bankruptcy Act. *New York* v. *Jersawit,* 263 U. S. 493, distinguished. P. 307.

290 Fed. 947, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming an order of the District Court which, in turn, affirmed an order of a referee in bankruptcy allowing the Government's claim for an income tax, but fixing the interest thereon at 6% per annum, the legal rate in the State, in lieu of the 1% per month demanded by the Government.

*Mr. Solicitor General Beck, Mrs. Mabel Walker Willebrandt,* Assistant Attorney General, and *Mr. Sewall Key* for the United States.

The Government is entitled to interest upon its claim at the rate of one per centum per month.

While § 57–j of the Bankruptcy Act forbids the allowance of penalties against the estate of a bankrupt, it specifically allows " such interest as may have accrued

. . . according to law." The law allowing interest in such cases as this is § 14(a) of the Revenue Act.

The word " interest " is clearly used here in contradistinction to the five per centum which manifestly belongs to the category of penalties. The Treasury Department has consistently so held. The distinction between " penalty " and " interest " is also recognized by the revenue laws of other years.

The word " interest " is to be understood in its ordinary sense. *United States* v. *Isham,* 17 Wall. 496. To hold that Congress intended to use the word in the sense of a penalty is contrary to all rules of interpretation and invokes a special definition of the word " interest " that is unwarranted. *United States* v. *Guest,* 143 Fed. 456; *Chattanooga* v. *Hill,* 139 Fed. 600; *In re Kallak,* 147 Fed. 276; *In re Scheidt Bros.,* 177 Fed. 599. Distinguishing *In re Ashland, etc. Co.,* 229 Fed. 829; *New York* v. *Jersawit,* 263 U. S. 493; *Rochester* v. *Bloss,* 185 N. Y. 42; *In re Clark Realty Co.,* 253 Fed. 938; *Dayton* v. *Stanard,* 241 ·U. S. 588; *In re Winthers Motors, Inc.,* (D. C. E. Wis., Aug. 27, 1924, unreported).

The United States is entitled to interest on delinquent taxes even in the absence of statute. *Billings* v. *United States,* 232 U. S. 261.

Interest at the rate of one per centum per month provided by Congress is not excessive.

The rate of interest provided by state law is not applicable to delinquent federal taxes owing by bankrupts. *People* v. *Central Pac. R. R. Co.,* 106 Cal. 576; *Rochester* v. *Bloss,* 185 N. Y. 42; *Boston & Maine Railroad* v. ·*United States,* 265 Fed. 578; certiorari denied, 255 U. S. 577.

*Mr. Moses Cohen* for respondent.

The Government is not entitled to interest.

Taxes are regarded as debts under the Bankruptcy Act. *In re Sherwoods,* 210 Fed. 754; *Kaw Boiler Works* v. *Schull,* 230 Fed. 587.

The United States is bound by the Bankruptcy Act. *Guarantee Co.* v. *Title Guaranty Co.,* 224 U. S. 152; *U. S. Fidelity Co.* v. *Bray,* 225 U. S. 205; *United States* v. *Wood,* 290 Fed. 109; affd. 263 U. S. 680.

In the determination of the question as to whether federal taxes bear interest, § 63–a of the Bankruptcy Act must likewise be considered. Debts do not bear interest after the filing of the petition in bankruptcy. *Sexton* v. *Dreyfus,* 219 U. S. 339. Section 57–j of the Bankruptcy Act provides for the payment of " such interest as may have accrued thereon according to law." What other law could have been intended than the law that a debt bears interest until the date of the filing of the petition in bankruptcy? *Swarts* v. *Hammer,* 194 U. S. 441, distinguished.

If the Government is entitled to interest on its claim until paid, the rate of interest should not be more than 6 per cent. per annum. *Sun Printing Assn.* v. *Moore,* 183 U. S. 642; *In re Ashland, etc. Co.,* 229 Fed. 829; *New York* v. *Jersawit,* 263 U. S. 493; *In re Clark Realty Co.,* 253 Fed. 938; *Dayton* v. *Stanard,* 241 U. S. 588.

MR. JUSTICE McKENNA delivered the opinion of the Court.

The Collector of Internal Revenue of the Second District of New York filed a claim against the Trustee in Bankruptcy of J. Menist Company, Inc., Edward H. Childs, in the sum of $2,421.75, plus 5% penalty and 1% interest per month thereon until paid. The claim was for an additional income tax for the year 1917.

The justification for the claim, as stated by the Circuit Court of Appeals, is: " Act of October 3, 1917 (40 Stat. 300, sec. 212), making sec. 14(a) of the act of September 8, 1916 (39 Stat. 756), applicable to taxes under the 1917 act." By § 14(a) of Title I, Part II, of the Act of 1916, it is provided that: ".   .   .   to any sum or sums due and

unpaid after the fifteenth day of June in any year, or after one hundred and five days from the date on which the return of income is required to be made by the taxpayer, and after ten days' notice and demand thereof by the collector, there shall be added the sum of five per centum on the amount of tax unpaid and interest at the rate of one per centum per month upon said tax from the time the same becomes due."

As an element for consideration in connection with § 14(a) is § 57–j of the Bankruptcy Act. It reads as follows: "Debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

The Government withdrew its claim for 5% penalty but urged its claim for 1% interest.

The Referee, however, decided that the cited provisions "constitute a statutory characterization or definition . . ." not only as to the 5% penalty but also in respect to the 1% interest per month, and relieved the estate in bankruptcy from its payment. He allowed the claim for $2,421.75 with interest at 6% per anum to the date of payment.

The order was affirmed by the District Court. This was affirmed by the Circuit Court of Appeals and its action is now here for review.

At the outset we are confronted with the difference between penalty and interest. A penalty is a means of punishment; interest a means of compensation. Bouvier defines it to be " a consideration paid for the use of money or for forbearance in demanding it when due." This Court has declined to give it peremptory definition, and construing statutes considered that it could "safely de-

cline either to limit " the word debts " to existing dues, or to extend its meaning so as to embrace all dues of whatever origin and description." *Lane County* v. *Oregon,* 7 Wall. 71, 79. See also *New Jersey* v. *Anderson,* 203 U. S. 483, 493. To what conclusion does like liberty of construction conduct in the present case?

The imposition of a tax is certainly a function of government and creates an obligation, and the power that creates the obligation can assign the measure of its delinquency—the detriment of delay in payment; and § 14(a) has done so in this case, and explicitly done so. Five per centum penalty is the cost of delinquency, and interest upon the amount due at 1% per month—12% a year. There is no ambiguity in the declaration nor the distinction made. Against their clearness and completeness § 57–j of the Bankruptcy Act is cited.

The Government yields as to the 5% penalty. It resists as to the 1% interest. The Circuit Court of Appeals considered that the 1% was involved as well, as being in effect penalty and not saved by its name, though it was imposed by the legislature and within the legislative power, and notwithstanding that taxes are treated as debts within the meaning of the Bankruptcy Act. *In re Sherwoods,* 210 Fed. 754, 758; *Kaw Boiler Works* v. *Schull,* 230 Fed. 587.

The Circuit Court of Appeals adjudged the tax in the present case a debt and assigned against it interest at 6%; the court considering that that interest was compensation for the delinquency, anything in excess becoming penalty and within the prohibition of § 57–j. The court said, " On the point at bar [one per cent. interest as the price of the delay being penalty] we are in accord with *Re Ashland, etc.,* 229 Fed. 829, and hold that there being no evidence of any injury or damage to the Government by the withholding of this tax except that which flows from the nonpayment of a just debt, anything in excess of

the legal rate of interest is to be treated as a penalty and not allowed."

We are unable to concur. It makes the rate of interest that of a particular locality, differing with the locality— in New York, as said by the Government, 6%, in the middle West 8% and on the Pacific coast 10%,—and abridges or controls a federal statute by a local law or custom, and takes from it uniformity of operation. Besides, the federal statute is precise, and it is made peremptory by the distinction between "penalty" and "interest", and if it may be conceded that the use of the latter word would not save it from condemnation if it were in effect the former, it cannot be conceded that 1% per month—12% a year—gives it that illegal effect, certainly not against legislative declaration that is within the legislative power, there being no ambiguity to resolve.

To this conclusion *New York* v. *Jersawit*, 263 U. S. 493, is not antagonistic. There a statute of New York was passed on which required "every domestic corporation" to "annually pay in advance . . . an annual franchise tax" upon its net income for the year next preceding, and provided that, if the tax were not paid, the corporation should pay "in addition to the amount of such tax . . . ten per centum of such amount, plus one per centum for each month the tax . . . remains unpaid." This liability the lower federal courts pronounced a penalty and not to be allowed. In that conclusion this Court concurred and decided that, being penalty, it was disallowed by the Bankruptcy Act, § 57–j. And this not only because the one per centum was "more than the value of the use of the money" but because it was added by the statute to the 10% to make a single sum and "must be treated as part of one corpus and must fall with that."

The tax in this case is one on income; a burden imposed for the support of the Government. Interest is put upon it and so denominated, distinguished from the 5% as pen-

alty, clearly intended to compensate the delay in payment of the tax—the detriment of its non-payment, to be continued during the time of its non-payment—compensation, not punishment.

*Judgment reversed.*