**SHEARER v. ANDERSON, Collector of Internal Revenue.**

(District Court, S. D. New York. March 29, 1926.)

**Internal revenue ⬤⟞7—Owner held not entitled to deduction from gross income of damage to automobile as loss from "theft" or "other casualty" (Revenue Act 1918, § 214 [6], being Comp. St. Ann. Supp. 1919, § 6336⅛g).**

The taking and use of an automobile by the chauffeur of the owner, without his consent and against his orders, but without felonious intent to take permanent possession of it was not a "theft," which entitled the owner to deduct from his gross income the amount of damage done to the car, under Revenue Act 1918, § 214(6), being Comp. St. Ann. Supp. 1919, § 6336⅛g, nor was the damage deductible as a loss from "other casualty," within such provision.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Theft.]

At Law. Action by George L. Shearer against Charles W. Anderson, Collector of Internal Revenue. On motion by defendant for judgment on the pleadings. Granted.

Stewart & Shearer, of New York City (Harry J. Campaign and George L. Shearer, both of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Charles L. Sylvester, Asst. U. S. Atty., of New York City, of counsel), for defendant.

GODDARD, District Judge. This is a motion by plaintiff for judgment on the pleadings, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The facts set forth in the complaint are deemed to be admitted for the purpose of this motion, and are as follows:

Mr. Shearer, the plaintiff, in his federal income tax return for the year 1920, claimed as a deduction from his gross income the sum of $1,252, representing a loss sustained by him, due to damage to an automobile maintained by him for personal use, which resulted from the overturning of the automobile on an icy roadway, when the temperature was about zero, in an early morning of January, 1920. The automobile was, at the time, in the possession of Mr. Shearer's chauffeur, who had taken it from the garage for his own use without Mr. Shearer's knowledge and against his orders. The loss was not compensated for by insurance or otherwise.

The plaintiff contends that the amount he paid for repairing the automobile was deductible under section 214(6) of the Revenue Act of 1918 (Comp. St. Ann. Supp.

1919, § 6336⅛g), which provides, after making various provisions in regard to losses sustained in transactions entered into for profit: "(6) Losses sustained during the taxable year of property not connected with the trade or business (but in the case of a nonresident alien individual only property within the United States) if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise." The collector contends that the loss herein did not arise from "theft," or from any "other casualty," within the meaning of the statute.

Taking up, first, whether a "theft," as contemplated under the statute, has been committed, it is clear that the unauthorized use of Mr. Shearer's automobile by his chauffeur was not a "theft" at common law, for there was no intention on the chauffeur's part to take permanent possession of the car. In Van Vechten v. American E. F. Insurance Co., 239 N. Y. 303, 305, 146 N. E. 432, 38 A. L. R. 1115, Judge Cardozo, writing for a unanimous court, said: "Apart from this statute [referring to the New York statute making the unauthorized use of another's car theft], the misuse of plaintiff's car by the proprietor of the garage would not constitute a larceny, since there was lacking 'the felonious intent to appropriate another's property permanently and wholly." And the court also stated in effect that Congress did not desire that the same act would be theft, within the purview of the statute, if committed in New York, and a mere trespass or conversion, if committed in Massachusetts or some other state. Such a construction would, in the words of the Supreme Court in United States v. Childs, Trustee, 266 U. S. 304, 45 S. Ct. 110, 69 L. Ed. 299, "abridge or control a federal statute by a local law or custom, and take from it uniformity of operation."

Was the loss such as to come within the words "other casualty," mentioned in this section 214? The statute states that the loss must arise from "fires, storms, shipwreck or other casualty. * * *" By the rule of "ejusdem generis," where general words follow the enumeration of particular classes of things, the general words should be construed as applicable only to those of the same general nature or class as those enumerated. Merchants' National Bank v. United States, 42 Ct. Cl. 6, 19. The rule is based on the reason that, if the Legislature had intended the general words to be used in their unrestricted sense, there would have been no mention of the particular classes.

The proximate cause of the damage to the car was not a storm or similar casualty, such as destruction by lightning or an earthquake; the proximate cause was the faulty driving on the part of the chauffeur over an icy road, and the overturning of the automobile. It seems to me that the storm was no more the proximate cause of the loss here than where a person carelessly drops his valuable watch on the ice and damages it, or where an automobile is carelessly driven and skids on a pavement wet from rain. None of these seem to me to be such as to come within the meaning of the words "other casualty," mentioned in section 214. No cases supporting a contrary view have been brought to my attention, and I have not found any.

Therefore I must hold that the complaint does not set forth facts sufficient to constitute a cause of action, and grant the defendant's motion for judgment on the pleadings.