**UNION PAC. R. CO. v. BOWERS, Collector of Internal Revenue.**

District Court, S. D. New York. October 3, 1927.

1. Internal revenue ⬅➡27(1)—Corporation held chargeable with interest on delayed tax payment (Revenue Act 1921, § 250 [b], being Comp. St. § 6336⅛tt).

A corporation whose return did not show the full amount of tax due, and which paid on the basis of the return, under Revenue Act 1921, § 250 (b), being Comp. St. § 6336⅛tt, is chargeable with interest on the overdue deficiency, though it voluntarily filed an amended return showing the true amount.

2. Internal revenue ⬅➡45—Interest required by statute to be paid on overdue deficency tax is not a penalty (Revenue Act 1921, § 250 [b], being Comp. St. § 6336⅛tt).

The interest required by Revenue Act 1921, § 250 (b), being Comp. St. § 6336⅛tt, to be paid on overdue deficiency tax, is not a penalty.

At Law. Action by the Union Pacific Railroad Company against Frank K. Bowers, Collector of Internal Revenue. On motion to dismiss complaint. Granted.

Clark, Carr & Ellis, Henry W. Clark and Edward N. Abbey, all of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., and Samuel C. Coleman, Asst. U. S. Atty., both of New York City, of counsel, for defendant.

GODDARD, District Judge. This is a motion to dismiss the complaint on the ground that it does not set forth a cause of action. The action was brought by the Union Pacific Railroad Company against Bowers, as collector of internal revenue, to recover $44,475.32, with interest thereon from September 21, 1925, alleged to have been erroneously assessed and collected as interest imposed by section 250 (b) of the Revenue Act of 1921 (42 Stat. 227 [Comp. St. § 6336⅛tt]), and paid by the plaintiff under protest.

[1] The railroad company, on or before March 15, 1923, filed its federal income tax return for the year 1922, and in June, 1923, paid the tax of $1,720,722.62 shown therein to be due. On May 13, 1925, it voluntarily filed an amended return for 1922, showing an additional tax liability for 1922 to the amount of $413,724. On June 10, 1925, plaintiff paid this additional tax of $413,-724, but paid no interest thereon. On September 12, 1925, the collector notified the plaintiff that an assessment had been made against plaintiff of interest upon the additional tax in the sum of $44,475.32, and served upon it a notice and demand for payment. Plaintiff, on September 21, 1925, under protest, paid the interest and filed a refund claim. This claim for a refund was rejected; the Commissioner of Internal Revenue ruling:

"In accordance with section 250 (b), interest is collectible on any deficiency in tax on returns filed under the provisions of the Revenue Act of 1921, whether or not such deficiency is discovered by the taxpayer and amended return voluntarily filed and the tax voluntarily paid, or as a result of the examination of returns by this office."

At the time of the payment of the additional tax, the Commissioner of Internal Revenue had made no examination of either the original return or the amended return. Section 250 (a) of the Revenue Act of 1921 (42 Stat. at page 264) provided for the payment of income taxes in four installments, being March 15, June 15, September 15, and December 15, in the case of returns on the calendar year basis. Section 250 (b) provided:

"As soon as practicable after the return is filed, the Commissioner shall examine it. If it then appears that the correct amount of the tax is greater or less than that shown in the return, the installments shall be recomputed. If the amount already paid exceeds that which should have been paid on the basis of the installments as recomputed, the excess so paid shall be credited against the subsequent installments; and if the amount already paid exceeds the correct amount of the tax, the excess shall be credited or refunded to the taxpayer in accordance with the provisions of section 252.

"If the amount already paid is less than that which should have been paid, the difference, to the extent not covered by any credits due to the taxpayer under section 252 (hereinafter called 'deficiency'), together with interest thereon at the rate of one-half of 1 per centum per month from the time the tax was due (or, if paid on the installment basis, on the deficiency of each installment from the time the installment was due), shall be paid upon notice and demand by the collector."

Plaintiff's counsel takes the position that, as the amended return showing an increased tax liability was filed voluntarily before an examination or demand by the Commissioner, no interest was due on the additional tax; that the provisions of section 250 (b) relate only to adjustments of the returned tax liability developed by the audit of the bureau; that the second sentence of the quoted subsection provides for a recomputation of the tax "if it then appears that the correct amount of the tax is greater or less than that shown in the return. * * *" Plaintiff contends that the word "then" confines the subject-matter to the audit, and that the meaning is the same as if the language of the sentence were "if it appears upon such examination," etc. The remainder of the subsection, dealing entirely with what shall be done as the result of the audit, depends on whether the recomputation shows that the correct tax is greater or less than the amount already returned.

I do not think that the contention urged by plaintiff is in accordance with the intention of those who drew or passed the statute, or with a fair construction of it, and, of course, the result urged by plaintiff would place in a favored group those who delayed filing accurate returns, and permit them to file a correct return and pay their tax any time prior to the time the bureau could reach the return for audit, and, if the plaintiff's counsel are correct in their contention, whether the filing of the proper return or payment of tax was intentionally delayed would make no difference. Clearly, it seems to me that the "deficiency" came into existence on March 15, 1922, for it was then that the short

payment or deficiency arose. No change in respect to the legal status of the obligation to pay the full tax occurred between that date and the date upon which it was paid. The obligation to pay is not, under the statute, made contingent upon the examination of the return by the Commissioner.

The statute not only imposes the obligation, it also determines the date or dates for the payment of the tax, except in special instances, such as the granting of an extension of time upon application. It generally provides for the payment of interest on deficiencies, and the statute is barren of words, it seems to me, which indicate an intention to except those making voluntary payments for overdue taxes from interest charges. It would be humanly impossible to examine and audit all returns immediately. There is bound to be more or less delay. By anticipating the Commissioner's discovering the shortage and paying what it owes, the plaintiff is merely saving itself the interest on a longer period of time. I do not mean to have it inferred that in the present instance there was any ulterior motive in the delay in filing a correct return and the payment of the tax, and it may well be assumed that there was a sincere misapprehension on the part of the plaintiff in regard to the amount of its taxes. But, under the statute in question, that does not relieve it from paying the interest on the tax, which was fixed on March 15, 1923, and not paid until September 21, 1925.

[2] The requirement that "interest thereon at the rate of one-half of 1 per centum per month" shall be paid is not a penalty; it is merely the usual interest or compensation paid for the delayed payment. United States v. Childs, Trustee in Bankruptcy of J. Menist Co., Inc., 266 U. S. 304, 45 S. Ct. 110, 69 L. Ed. 299. If it was a penalty, perhaps there might be more force in plaintiff's argument. This distinction between interest and a penalty is also indicated in the act, wherein a 5 per cent. penalty is specifically provided for. It seems clear that Congress used the word "interest" in its ordinary sense, and not with the intention that it was to be interpreted as penalty. Section 250 (a) provides for the granting by the Commissioner of extensions of time in which to pay taxes where application is made, and the taxpayer to whom such extension is granted pays interest thereon.

Comparing the Revenue Act of 1918 (40 Stat. 1057), particularly section 250, subdivisions (b) and (e), being Comp. St. § 6336⅛tt, with the Revenue Act of 1921, section 250 (b), I think the view that it was not the intention of Congress to relieve a taxpayer from the payment of interest, where a late voluntary payment is made before the examination by the Commissioner, is emphasized. From the standpoint set forth above, it is unnecessary to consider whether, if the statute did not provide for payment of interest on delayed tax payments, the rule in Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596, would apply.

Accordingly the motion to dismiss the complaint is granted.