## HORN v. BOONE COUNTY, NEB.
### No. 8819.

Circuit Court of Appeals, Eighth Circuit.
Nov. 10, 1930.

Charles B. Keller, of Omaha, Neb. (George Doane Keller, of Omaha, Neb., on the brief), for appellant.

Dana R. Williams, of Albion, Neb., for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and SCOTT, District Judge.

, SCOTT, District Judge.

This is an appeal from a judgment of the District Court of the United States for the District of Nebraska, affirming an order of a referee in bankruptcy ordering and directing the payment of certain taxes with accumulated interest at the rate of 10 per cent., as provided by the statute of Nebraska. Three errors are assigned. The first assigned is that the court "erred in allowing the claim of Boone County, Nebraska, for personal taxes of bankrupt on his stock of merchandise and fixtures for the years 1923, 1924, 1925, 1926 and 1927 together with interest and penalties thereon of 10% per annum from and after December 1st. of each of said years." The second assignment is that the court "erred in allowing 10% interest and penalties on the said taxes"; and the third is substantially the same as the second.

There was some discussion in argument as to the excessiveness of the tax compared with the value of the inventory of property passing into the hands of the trustee. Inasmuch as there is no evidence in the record to show what property the bankrupt had at the time of his assessment during the several years, we think there is no merit in such contention, conceding but not deciding that it could be raised at this time.

The only question really presented by the record is whether the District Court erred in allowing the 10 per cent. interest accumulations. It is contended by the appellant that the 10 per cent. per annum provided by the Nebraska statute is a penalty and not mere interest. In support of the contention, the case of Swarts v. Hammer, 194 U. S. 441, 24 S. Ct. 695, 48 L. Ed. 1060, is cited. That case was an appeal from the Circuit Court of Appeals for the Eighth Circuit (120 F. 256), and involved the statute of Missouri (Rev. St. Mo. 1899, § 9225). That statute, as well as its prototypes and successors, specifically denominates the charge as "an additional tax, as penalty." The principal question presented was whether the bankrupt estate was taxable in the hands of the trustee, all of the tax in question having been levied for the period during administration. The referee had directed the payment of the tax, "together with the accrued penalties and fees provided by law." The District Court disapproved the allowance of the penalties and fees, and the Supreme Court in Swarts v. Hammer, supra, affirmed the District Court. We think this case not an authority in support of the contention of the appellant here. The Missouri Legislature having specifically

declared the 10 per cent. per annum to be a penalty, it is reasonable to suppose that such Legislature intended the charge to be subject to the application of the principles and rules applicable to penalties.

Dayton v. Stanard, 241 U. S. 588, 36 S. Ct. 695, 60 L. Ed. 1190, is also discussed on the briefs. That case came up from Colorado. The claimant had purchased the property at tax sale and had taken tax sale certificates after the filing of a petition in bankruptcy. The purchaser had paid the tax with accumulated interest at 10 per cent. up to the date of sale, and filed his claim in the bankruptcy proceeding for reimbursement, and for the accrued penalties provided by statute to be attendant upon tax sale certificates. The Supreme Court held the tax sale certificates to be void, but allowed the claimant reimbursement of the actual amount paid with interest at the ordinary legal rate.

New York v. Jersawit, 263 U. S. 493, 44 S. Ct. 167, 68 L. Ed. 405, was cited. In that case a 10 per cent. penalty was exacted immediately if the tax was not paid when due, and in addition to that 1 per cent. per month. The Supreme Court affirmed the Circuit Court of Appeals (290 F. 950) in denying the penalty, and also in allowing 6 per cent. upon the tax apportioned to the date of payment. The court held the two items, the 10 per cent. penalty and the 1 per cent. per month, to be a single provision of law and to be a penalty, and, there being no other statutory rate to apply, applied the general ordinary 6 per cent. interest statute to the date of payment.

The Nebraska general interest statute (Comp. St. 1922, § 2835) at the time in question provided two legal rates of interest, 7 per cent. on ordinary debts, but with the further provision that, where the parties agree, the rate might be 10 per cent. The Nebraska statute (Comp. St. 1922, § 6002) relative to interest on delinquent taxes provided as follows: "On the first day of December of the year in which taxes shall have been assessed, all unpaid personal taxes, except in cities authorized by law to levy and collect their own taxes, shall become delinquent and shall draw thereafter ten per cent per annum, which interest shall be collected the same as tax so due." It will be observed that the interest exacted on delinquent taxes is no greater than the interest allowed by agreement in the state of Nebraska. We think, therefore, there would be no justification in holding the provision for 10 per cent. on delinquent taxes a penalty as distinguished from interest for

the use of money. The Supreme Court in United States v. Childs, 266 U. S. 304, 45 S. Ct. 110, 69 L. Ed. 299, discusses the Jersawit Case, supra, and distinguishes it from the case there under consideration. In that case the Court of Appeals of, the Second Circuit (290 F. 947) was reversed for disallowing interest upon the amount due at 1 per cent. per month, the Supreme Court holding that charge to be interest and not a penalty.

We find no error in the decision of the trial court, and the case is affirmed.