**DAVIE v. GREEN et al.**

No. 3799.

Circuit Court of Appeals, First Circuit.

Jan. 27, 1943.

Stephen Wheeler, Atty. Gen., and Dixon H. Turcott, both of Concord, N. H., for appellant.

No attorneys for appellees.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

On October 23, 1941, the Union Beverage Company, Inc., was petitioned into bankruptcy and on November 12 of that year it was duly adjudicated an involuntary bankrupt. Seasonably thereafter notice issued from the office of the Referee in Bankruptcy and on January 16, 1942, the appellant, on behalf of the Unemployment Compensation Division of the Bureau of Labor of the State of New Hampshire, filed a claim for an unemployment compensation contribution which had become due from the bankrupt on July 15, 1941, but had not been paid. The amount of this contribution was $32.40 and the appellant claimed interest thereon to the date of payment at the rate of 1% per month, that being the rate prescribed for unpaid contributions by Section 11, sub. A of the New Hampshire Unemployment Compensation Act. N.H.Laws, 1937, c. 178, as amended N.H.Laws, 1939, c. 138, and N.H.Laws, 1941, c. 103. The referee allowed the claim with interest thereon at the above rate from July 15, 1941 (the date when the contribution fell due) to October 23, 1941 (the date when the involuntary petition in bankruptcy was filed), but disallowed any interest whatever on the claim thereafter. The district court affirmed this order of the referee and, the amount involved being less than $500, this court allowed the appellant to take this appeal. 11 U.S.C.A. § 47, sub. a.

Section 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j. provides: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

The first question under this statute is whether the exaction of 1% per month on unpaid contributions, as prescribed by the New Hampshire Act is a penalty—a means of punishment for delinquency,—or interest—a means of compensation to the State for the use of money due it but withheld.

The Supreme Court "has declined to give it [interest] peremptory definition" (United States v. Childs, Trustee, 266 U.S. 304, 307, 45 S.Ct. 110, 111, 69 L. Ed. 299), but we believe that in the case just cited and in Meilink, Trustee, v. Unemployment Reserves Commission of California, 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458, which is based on the Childs case, the Supreme Court has answered the question now under consideration in favor of the State. In the Childs case the court held that under § 57, sub. j of the Bankruptcy Act the United States was entitled to collect 1% interest per month on past-due income taxes until paid, and in the Meilink case the court held, citing the Childs case as controlling, that the exaction of 12% per annum imposed by § 45 of the California Unemployment Reserves Act, Gen. Laws 1937, Act 8780d, is not penal but compensatory. We are not unmindful of the differences between the New Hampshire Act and the California one, but since the acts are similar in respect to the rate charged, and since in both of them the exaction is called "interest",—a point regarded by the Supreme Court as highly important although not conclusive,—it seems to us that the Meilink case is binding upon us. In addition we feel that we should follow that case in order to give the

federal statute uniformity of operation and to prevent its abridgement or control by local law or custom. See United States v. Childs, 266 U.S. 304, 309, 45 S.Ct. 110, 69 L.Ed. 299.

The second question presented is whether under the above section of the statute the State is entitled to be paid interest on its tax claim calculated to the day of payment or calculated only to the day when the petition in bankruptcy was filed. By decisions rendered prior to 1938 it was well established that under § 57, sub. j claims for taxes, unlike other claims, drew interest until they were paid. See United States v. Childs, supra; 3 Collier on Bankruptcy, 14th Ed., § 63.16(3). But the referee concluded that this rule had been changed in 1938 by the Chandler Act, 52 Stat. 840, so that now claims for taxes, like other claims, draw interest only to the date when the petition in bankruptcy was filed. This question does not appear to have been before the Supreme Court in the Meilink case, and we are aware of no decision by that court or by any other in which it has been considered.

The argument in favor of the conclusion reached by the referee is that Congress by passing the Chandler Act which deleted § 64, sub. a of the Bankruptcy Act of 1898, 30 Stat. 562, 11 U.S.C.A. § 104, sub. a, in which tax claims were singled out for treatment sui generis, and, more important still, deprived tax claims of their former immunity from destruction through failure to prove them within the statutory period (§ 57, sub. n of the Chandler Act, 52 Stat. 867), indicated its intention to deprive tax claims of their former advantageous position with respect to interest. It is suggested that this conclusion is buttressed by the insufficient basis for the old rule; the acceptance of that rule by the Supreme Court sub silentio rather than after careful consideration and analysis, and the inequitable and unjust effect of that rule upon the general creditors of a bankrupt.

We concede force to this argument, but there seem to us to be countervailing considerations of controlling force. In 1938 when Congress passed the Chandler Act it made many fundamental and far-reaching changes in the law of bankruptcy, but it made only a minor verbal change in § 57, sub. j of the Bankruptcy Act of 1898.[1] It left untouched the last words of that section which provide for the payment of debts due the United States or any State or subdivision thereof with "such interest as may have accrued thereon according to law" which words the courts had repeatedly construed, rightly or wrongly, to mean interest to the date of payment. It is fair to assume that Congress in thoroughly revising the law of bankruptcy became aware of the construction which the courts had placed upon the words which it had previously used, and that if it had wished to change that construction so as to place claims for taxes on the same footing with other claims with respect to interest it would have said so in clear and unmistakable terms. If the old interpretation, to which we feel obliged to adhere, works injustice or hardship upon the general creditors of a bankrupt, relief for them must be sought in Congress.

The judgment of the District Court affirming the order of the Referee is reversed and the case is remanded to that court for further proceedings in conformity with this opinion.

---

[1] It only substituted the phrase "any State or subdivision thereof" for the phrase "a State, a county, a district, or a municipality."