## In re SPOTLIGHT PRODUCTIONS, Inc.

District Court, S. D. New York.
Dec. 1, 1947.

---

Charles E. Murphy, Corp. Counsel, of New York City (Francis I. Howley and Leroy Mandle, both of New York City, of counsel), for City of New York.

David Haar, of New York City, for trustee.

COXE, District Judge.

■ The Referee was right in holding that the bankrupt estate is liable to the City of New York for sales taxes on purchases of machinery and equipment by the bankrupt. The sales tax is imposed upon the purchaser, Section SN 41-2.0, subd. e, Administrative Code, New York City, and if the purchaser fails to pay the tax to the vendor, it must be paid by the purchaser to the City Treasurer. Section SN 41-2.0, subd. f, Administrative Code, New York City. "The ultimate burden of the tax * * * is thus laid upon the buyer, for consumption, of tangible personal property, and measured by the sales price". McGoldrick v. Berwind-White Co., 309 U.S. 33, 43, 60 S.Ct. 388, 391, 84 L.Ed. 565, 128 A.L.R. 876. The purchases here were made within the City and were not for purposes of resale, and there is no evidence that the bankrupt paid any sales taxes thereon. The fact that the City may also collect from the vendor does not relieve the purchaser of his obligation to pay the tax. Fifth Ave. Bldg. Co. v. Joseph, 272 App.Div. 449, 71 N.Y.S.2d 566. Aside from this, however.

the trustee failed to offer any proof that the vendors had paid the sales taxes on the machinery and equipment purchased by the bankrupt, and it may therefore be assumed that such taxes have not been so paid.

■ The Referee was also right in his conclusion that the City is entitled to interest on its tax claim to the date of payment. This is in accord with the general rule. In re J. Menist & Co., 2 Cir., 290 F. 947, modified on other grounds sub nom. United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299; 3 Collier on Bankruptcy, 14th Ed., Sec. 63.16. The argument that interest should stop with the filing of the bankruptcy petition because of the 1938 changes in Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, and Section 64, 11 U.S.C.A. § 104, does not seem to be valid, and it has been rejected by one federal appellate court. Davie v. Green, 1 Cir., 133 F.2d 451, Sec. 57, sub. n, as amended simply substitutes a statutory bar to the filing of governmental claims for a court made bar. It is designed, so far as relevant and tempered by the provision for extension, to subject such claims to the same requirements as to filing as other claims and to speed up the closing of estates. Senate Report No. 1916 on H.R. 8046, 75th Cong. 3d Sess. (1938). Old Section 64, sub. b, 11 U.S.C.A. § 104, sub. b, provided that priority debts, which included taxes, should be "paid in full" before payment of dividends to creditors, and Section 64, sub. a, as amended, 11 U.S.C.A. § 104, sub. a, contains the same provision. Further, Section 57, sub. j, 11 U.S.C.A. § 93, sub. j, has not been changed in substance and still requires the allowance of governmental debts with accrued interest thereon. There is no clear evidence of any congressional intent to depart from the general rule so long accepted. Finally, there is nothing in the record here to charge the City with the delay in payment of its claim and thus justify the court in denying interest on equitable grounds. Cf. In re South Coast Co., D.C., 22 F.Supp. 652.

The order of the Referee is affirmed.