SEELEY TUBE & BOX CO. v. MANNING.

Civ. No. 6597.

District Court, D. New Jersey.

March 3, 1948.

Bilder, Bilder & Kaufman, of Newark, N. J., for plaintiff.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action for the recovery of $4,513.34, representing interest on certain deficiency taxes for the fiscal period beginning January 1, 1941 and ending September 30, 1941, which the plaintiff alleges were erroneously assessed and collected. The action is submitted to the Court on a stipulation of facts which we adopt as our findings of fact. It is necessary to repeat herein only the ultimate facts essential to the determination of the only question presented, which the parties concede is one of novel impression.

Facts

I. The plaintiff filed with the defendant its corporate income tax return for the fiscal period beginning January 1, 1941 and ending September 30, 1941. The reported tax liability in the amount of $17,383.59 was paid within time in four equal quarterly installments. The plaintiff also filed with the defendant its excess profits tax return for the same period. The reported tax liability of $27,514.41 was likewise paid within time in four equal quarterly installments. These taxes were assessed by the Commissioner of Internal Revenue on January 12, 1942.

II. Pursuant to the applicable provisions of the Internal Revenue Code, and particularly Section 274(a) of Title 26 U.S.C.A. Int.Rev.Code, the Commissioner of Internal Revenue, having determined a deficiency in each of the said taxes, assessed the following deficiency taxes: corporate income tax[1] in the sum of $11,494.31, together with interest thereon of $1,125.97, and excess profits tax in the sum of $36,294.99, together with interest thereon of $3,555.42. These deficiency taxes were assessed on August 2, 1943. There were additional deficiency taxes assessed on March 21, 1944. The amounts thereof are stated in paragraph V of the stipulation of facts. The deficiency taxes were not paid.

III. The plaintiff filed with the defendant its corporate income tax return for the fiscal period beginning October 1, 1942 and ending September 30, 1943. This return disclosed a net operating loss of $231,514.00 for the said period.[2] The said return was audited, and as a result thereof the Commissioner of Internal Revenue determined that the plaintiff's net operating loss for the said period was not more than $218,612.51. The plaintiff accepted this determination and executed an "Acceptance of Proposed Overassessment" for the fiscal period beginning January 1, 1941 and ending September 30, 1941.

IV. The plaintiff filed with the defendant a claim for a refund in the sum of $17,383.99, the full sum of the corporate in-

---

[1] The corporate income tax includes, in addition to the normal tax, the declared value excess profits tax and the defense tax.

[2] It should be noted that, an extension having been granted the plaintiff, the return was not filed until March 3, 1944.

come tax paid for the fiscal year beginning January 1, 1941 and ending September 30, 1941. The plaintiff also filed with the defendant a claim for a refund in the sum of. $27,514.41, the full sum of the excess profits tax paid for the same period. These claims for refund, filed on March 15, 1944, were predicated upon the asserted right to "a net operating loss carry-back" under Section 122 of the Internal Revenue Code of 1940, 26 U.S.C.A.Int.Rev.Code, § 122. The plaintiff filed ·amended claims for refund in which he asserted, in addition to his claim for taxes paid, a right to the abatement of his tax liability, including the interest assessed on the deficiency taxes.

V. The Commissioner of Internal Revenue recognized the right of the plaintiff to a "net operating loss carry-back" and determined an overassessment of income and excess profits taxes for the period in question, January 1, 1941 to September 30, 1941. (Decision No. 8229, approved February 3, 1945.—Exhibit 8). The Commissioner of Internal Revenue thereupon issued to the plaintiff two certificates of overassessment, in one of which (No. 2824944) he certified an overassessment·of corporate income tax in the sum of $28,877.90 for the said period, and in the other of which (No. 2824943) he certified an overassessment of excess profits tax in the sum of $64,415.83 for the said period. The Commissioner of Internal Revenue refused to abate the interest assessed on the deficiency taxes.

VI. There was refunded to the plaintiff $40,384.66. This sum represented the corporate income and excess profits taxes actually paid for the period in question, January 1, 1941 to September 30, 1941, less $4,513.34, the interest assessed on the deficiency taxes for the same period, which were not paid. The balance of the unpaid assessments, comprised entirely of the deficiency taxes, were abated. The sum of $4,513.34, representing the unpaid interest on the deficiency taxes, was withheld by the defendant and applied to the payment of the said interest.

### Statutes

The pertinent provisions of the Internal Revenue Code are stated in the appendix hereto annexed.

### Discussion

It is conceded that the taxpayer paid the income and excess profits taxes reported in the respective returns for the fiscal year 1941 within time. There was, however, an additional obligation upon the taxpayer, the obligation to pay the deficiency taxes, together with interest thereon "from the date prescribed for the payment of the first installment" to the date the deficiency was assessed. Section 292. The taxpayer failed to meet this obligation.

■ The taxpayer contends that the application of Section 122(b) extinguished not only the entire tax liability for the fiscal year 1941 but also the liability for interest on the deficiency taxes. We cannot agree with this contention.

Section 23 allows as deductions from gross income, in addition to the other items therein enumerated, "the net operating loss deduction computed under section 122." These sections, and particularly 23(s) and 122(a) and (b), when read together, allow as a deduction "a net operating loss carry-back"; the net operating loss sustained by a taxpayer in "any taxable year beginning after December 31, 1941" is deductible from the gross income of the taxpayer for the two preceding taxable years. The application of these sections may extinguish the tax liability for the preceding taxable years, as it has here, but the application of these sections will not extinguish the liability for interest assessed on deficiency taxes.

■ The interest assessed under Section 292, although "collected as a part of the tax," is not a tax. United States v. Childs, 266 U.S. 304, 309, 45 S.Ct. 110, 69 L.Ed. 299; Owens v. Commissioner of Internal Revenue, 10 Cir., 125 F.2d 210, 213; Penrose v. United States, D.C., 18 F.Supp. 413, 415. This interest is clearly intended to compensate the Government for the delay in the payment of taxes imposed by statute and assessed thereunder. Ibid.

It must be conceded that interest collected as a part of a tax must be refunded together with the tax upon determination that the tax was illegally assessed. There is no contention in the instant case that the deficiency taxes and the interest thereon were illegally assessed; they were legally

assessed and were due upon notice and demand. The extinguishment of the tax liability for the fiscal year 1941 resulted, not from a determination that the taxes as assessed were illegal but from the application of Section 122(b). The application of this section abolished the right of the defendant to collect the deficiency taxes but not his right to collect the interest as compensation for the plaintiff's delay in their payment.

### Conclusions

I. The liability of the plaintiff for the interest assessed on the deficiency taxes for the fiscal year 1941 was not extinguished upon the application of Section 122(b) of the Internal Revenue Code. The defendant lawfully applied the sum of $4,513.34 to the payment of the interest on the deficiency taxes for the said year. Judgment in favor of the defendant and against the plaintiff must, therefore, be entered.

II. Pursuant to Rule 58 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a judgment in favor of the defendant and against the plaintiff will be entered forthwith by the Clerk of the Court.

### Appendix

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions: * * *

"(s) Net Operating Loss Deduction. For any taxable year beginning after December 31, 1939, the net operating loss deduction computed under section 122." 26 U.S.C.A. Int.Rev.Code, § 23.

"§ 122. Net operating loss deduction.

"(a) Definition of Net Operating Loss. As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

"(b) Amount of carry-back and carry-over.

"(1) Net operating loss carry-back. If for any taxable year beginning after December 31, 1941, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year shall be the excess,

if any, of the amount of such net operating loss over the net income for the second preceding taxable year computed (A) with the exceptions, additions, and limitations provided in subsection (d) (1), (2), (4), and (6), and (B) by determining the net operating loss deduction for such second preceding taxable year without regard to such net operating loss." 26 U.S.C.A.Int.Rev. Code, § 122.

"292. Interest on deficiencies.

"(a) General Rule. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed, * * *." 26 U.S.C.A.Int.Rev.Code, § 292.