## CARTER v. UNITED STATES et al.
### No. 195, Docket 20909.

Circuit Court of Appeals, Second Circuit.

May 25, 1948.

John F. X. McGohey, U. S. Atty., of New York City (William M. Regan, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Nathaniel L. Goldstein, Atty. Gen. of New York (Wendell P. Brown, Sol. Gen., of Albany, N. Y., and Francis R. Curran, Asst. Atty Gen., of counsel), for the State of New York.

Parker, Chapin & Flattau and Glass & Lynch, all of New York City (Sydney W. Cable and Leslie Kirsch, both of New York City, of counsel), for Leonard H. Carter, trustee.

Gerdes & Montgomery, of New York City (W. Randolph Montgomery, of New York City, of counsel), for New York Credit Men's Association, amicus curiae.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

An involuntary petition in bankruptcy was filed against Union Fabrics, Inc., on December 20, 1939. The United States and the State of New York filed tax claims, asking for interest to the date of payment of the claims. The referee overruled the objections of the trustee to the payment of interest on these claims beyond the date of the filing of the petition in bankruptcy and allowed such interest. The referee thereafter reopened the proceeding for the purpose of hearing a further objection by the trustee, based upon certain alleged equitable considerations, but sustained objections to this evidence and made an order to that effect. Upon a petition for review, the district judge reversed the orders allowing interest on the claims to the date of payment and sustaining objections to the trustee's offer of proof at the rehearing. He held that in-

terest on the tax claims should be treated in the same manner as interest on other claims and not allowed beyond the date of the filing of the petition. In respect to the evidence offered to show a long delay in the administration of the estate, he regarded such equitable considerations, if pertinent to the determination, as sufficiently shown by the records of the court to augment other reasons for the denial of interest.

■ Judge Chase and I do not agree with the decision of the court below and think that interest on tax claims should be allowed to the date of their payment under the settled ruling of the federal courts prior to the enactment of the Chandler Act in 1938—a ruling which we do not regard as changed by anything in that Act. We have however decided to acquiesce in the contrary decision of this court on this question in Saper v. City of New York, 2 Cir., 168 F.2d 268, decided May 25, 1948, which represents the view of the majority of the five judges who have been concerned in Saper v. City of New York and the case at bar with the issue here involved. Such a mode of dealing with the appeal before us will settle the law in this circuit as to the allowance of interest on tax claims unless the Supreme Court should hereafter reach a different conclusion. However, we feel it advisable to state in more detail our personal views, which are in accord with those of the First Circuit in Davie v. Green, 133 F.2d 451.

It is not disputed that prior to the Chandler Act taxes bore interest down to the date of payment. This was decided under the provisions of Section 57, sub. j, of the Bankruptcy Act. 11 U.S.C.A. § 93, sub. j, by this court in Re J. Menist & Co., 2 Cir., 290 F. 947, and its determination as to the duration of the period for which interest was to run against bankrupt estates was followed without discussion by the Supreme Court in United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299, though this very question was raised in the arguments of counsel as reported. This rule remained unchanged prior to the passage of the Chandler Act in spite of the fact that in 1926 Section 64, sub. a was amended to alter the absolute priority of

taxes theretofore existing as compared with various other preferred claims. Cf. Horn v. Boone County, Neb., 8 Cir., 44 F.2d 920; In re Semon, D.C.D.Conn., 11 F.Supp. 18, modified on other grounds 2 Cir., 80 F.2d 81.

The Chandler Act amendments broadened Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, to include "all claims of the United States" and required them to "be proved and filed in the manner" there provided; it also deleted Section 64, sub. a, 11 U.S.C.A. § 104, sub. a, requiring "the trustee to pay all taxes legally due and owing," but made no substantial change, if any, in the order of priorities. However only a minor verbal change, not pertinent to this appeal was made in Section 57, sub. j, 11 U.S.C.A. § 93, sub. j; indeed, that is the only change in this section since the Bankruptcy Act of 1898.

As we have already observed, prior to the Chandler Act the governments' claims to interest on taxes down to the date of payment was clear under a settled interpretation of the bankruptcy statute. We need not discuss the question whether governments do well to obtain any priorities over their citizens in payment of taxes, but priorities are given by statute and we think should not be modified by doubtful implication. We agree with Judge Woodbury's opinion in Davie v. Green, supra, that Congress would not have made such a far-reaching change as would result by reversing these prior interpretations without clear and specific enactment. As we have noted, only a minor alteration, irrelevant to this question, was made in Section 57, sub. j, by the Chandler Act, though the settled meaning of that section must have been known to the Congressional Committees and many other fundamental changes were made when the bankruptcy law was being thoroughly revised by that Act. Further, if there had been any intention to alter the settled meaning of Section 57, sub. j, we think it would have been made evident by Congressional reports and debates, and the federal and state governments would not have been deprived of important priorities by means of a conjectural interpretation. The apparent absence of such evidence of legisla-

274

tive intention seems to us to argue for sustaining the prior judicial interpretation of the section rather than for any new meaning.

It is argued that since Section 57, sub. n, requires that tax claims must be proved and filed like other claims and they are classified as debts in Section 64, sub. a, they are subject to the ordinary rule applied to other claims that interest runs only to the date of the filing of the petition in bankrupcy. But the requirement for filing proofs of tax claims was primarily to facilitate the prompt and orderly administration of bankrupt estates and to enable the trustee safely to distribute assets with exact knowledge of all claims by preventing the representatives of governments from inordinately delaying presentation of their tax claims while interest thereon was still running. It is true that in United States v. Roth, 2 Cir., 164 F.2d 575, we allowed a trustee in bankruptcy to set off against a tax claim a mutual indebtedness of the government. However, in that opinion we allowed the set-off which, as compared with an alternate judicial remedy of suit in a district court or the Court of Claims, was a procedural rather than a substantive matter and we regarded this result as indicated by the order of the Supreme Court prescribing forms for filing, which expressly referred to set-offs against the claimant. This decision does not lead to the conclusion that tax claims, though they must now be proved as ordinary debts, should be reduced in the amount of their recovery from the estate by the elimination of interest subsequent to the date of the petition in bankruptcy. Indeed, we return to the conclusions of the First Circuit that so fundamental an alteration of settled rights as to the incidence of tax claims should have much stronger support than the analogy of the treatment of other claims.

As heretofore stated and in spite of the contra views expressed in this opinion the orders of the district court are affirmed upon the authority of Saper v. City of New York, supra.

CLARK, Circuit Judge (concurring).
I concur in the result.