BRANDTJEN & KLUGE, Inc. v. UNITED STATES.

Civil Action No. 1262.

District Court, D. Minnesota, Third Division.

June 17, 1948.

Levitt & Karlins, of Minneapolis, Minn., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to Atty. Gen., and Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This action was commenced by plaintiff to recover interest paid the government in the sum of $472.52. Defendant denies liability. The matter came on for hearing before the Court on stipulated facts. It appears that plaintiff, a Minnesota corporation, paid to defendant a deficiency assessment of excess profits tax, together with interest, for the calendar year 1941. The income tax liability of $138,660.24 and the excess profits tax liability of $102,056.43 were assessed and paid in good time by plaintiff in quarterly installments.

Pursuant to a revenue agent's examination of the plaintiff's books and records for the taxable year 1941, the plaintiff, on April 26, 1943, signed Treasury Form 870, consenting to the assessment and collection of deficiencies in income tax in the sum of $3,041.73, and excess profits tax in the sum of $9,878.68. Such taxes, with statutory interest thereon in the respective amounts of $218.92 and $710.99, were assessed on May 28, 1943. The excess profits tax deficiency

assessment was paid by plaintiff on June 15, 1943, and the deficiency interest of $710.99 was paid by plaintiff on September 4, 1943.

On June 4, 1943, the plaintiff filed amended corporation income and declared-value excess profits tax return, Form 1120, and its amended corporation excess profits tax return, Form 1121, for the year 1941, wherein the plaintiff elected to accrue income from installment sales under Section 736(a) of the Internal Revenue Code, as added by Section 222(d) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Code, § 736 (a). Form 1120 revealed a deficiency in income tax of $23,813.35, and Form 1121 showed an overassessment of $76,817.90 in excess profits tax by reason of the reduction of "profit on 1941 installment sales." On June 5, 1943, plaintiff filed with the Collector of Internal Revenue at St. Paul, Minnesota, a claim for refund of $76,817.90 excess profits tax for the year 1941, based upon said amended tax return. On August 23, 1944, the plaintiff filed with the Collector of Internal Revenue at St. Paul, Minnesota, a claim for refund of $35,117.21 excess profits tax for the year 1941, on the ground that the unused excess profits credit in respect of the years 1942 and 1943 should be carried back and applied as a credit against 1941 excess profits net income.

On the basis of the claims for refund hereinbefore stated, the Commissioner of Internal Revenue issued his Certificate of Overassessment in the amount of $111,935.-11 excess profits tax plus deficiency interest to the extent of $238.45, or a total of $112,-173.58, which sum has been credited or refunded to the plaintiff. The Commission-

er's Certificate of Overassessment did not allow a refund of $472.52 of the amount of $710.99 paid by plaintiff on September 4, 1943, as interest upon the excess profits tax deficiency for 1941 of $9,878.68.

By registered letter dated May 16, 1943, the Commissioner notified the plaintiff that its claim for refund in said sum of $472.52 had been disallowed, contending that inasmuch as the taxes and interest payments were not illegal when the assessments were made, the Commissioner's actions leading to a disallowance of the claimed refund were lawful and proper. Plaintiff contends that any tax or "interest on such tax collected or assessed after the expiration of the period of limitation applicable thereto is an overpayment and should be refunded * * * even though contrary to what the Commissioner calls 'established procedure of the Bureau.' "

The question for decision is whether interest assessed and collected upon a deficiency assessment of excess profits tax for the year 1941 may be withheld from refund, when the Commissioner of Internal Revenue subsequently concluded that the plaintiff taxpayer had no excess profits tax liability for said year because of the allowance of a carry-back excess profits credit, pursuant to the relief provisions of Section 710 of the Internal Revenue Code, as amended by Sections 201(a) and 202(e) of the Revenue Act of 1941, and Section 204 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev. Code, § 710. The determination of this question is governed by the interpretation of the applicable statutes.[1]

---

[1] Internal Revenue Code:

"§ 13. Tax on corporations in general

"(a) [As amended by Section 201 of the Revenue Act of 1939, c. 247, 53 Stat. 862.] Definitions. For the purposes of this chapter—

* * * * * * *

"(2) Normal-tax net income. The term 'normal-tax net income' means the adjusted net income minus the credit for dividends received provided in section 26 (b).

"(b) [As amended by Section 101 of the Second Revenue Act of 1940, c. 757, 54 Stat. 974.] Imposition of tax. There shall be levied, collected, and paid for each taxable year upon the normal-tax net income of every corporation the normal-tax net income of which is more than

$25,000 (except a corporation subject to the tax imposed by section 14, section 231 (a), Supplement G, or Supplement Q), whichever of the following taxes is the lesser: * * * *."
26 U.S.C.A. Int.Rev.Code, § 13.

"§ 53. Time and place for filing returns

"(a) Time for filing

"(1) General rule. Returns made on the basis of the calendar year shall be made on or before the 15th day of March following the close of the calendar year. Returns made on the basis of a fiscal year shall be made on or before the 15th day of the third month following the close of the fiscal year. * * * *"
26 U.S.C.A. Int.Rev.Code, § 53.

The stipulated facts preclude any claim of illegality in the consent to the assessment and the amended returns later filed by plaintiff.

Plaintiff's Exhibit 4 is a letter from defendant, the last two sentences of which outline the ruling of the Treasury Department with reference to the question here presented, in these words:

"You were informed in office letter of August 26, 1946, that the balance of the interest, namely $472.52, may not be refunded, credited, or abated, where the overassessment is based on Section 710(c) of the Internal Revenue Code. Such action is in conformity with the established procedure of the Bureau."

The interest which defendant refused to refund is not in the nature of a penalty, but rather is a form of compensation due defendant, under the facts of the instant case.

Plaintiff cites cases in which the assessments were illegal ab initio, but as pointed out, supra, the tax here in suit was due, owing and lawful when plaintiff filed its 1941 returns.

The legislative history of section 153 of the Internal Revenue Act of 1942, 26 U.S.C.A.Int.Rev.Code, §§ 122(b, c, e), 3771(e),

"§ 56. Payment of tax

"(a) Time of payment. The total amount of tax imposed by this chapter shall be paid on the fifteenth day of March following the close of the calendar year, or, if the return should be made on the basis of a fiscal year, then on the fifteenth day of the third month following the close of the fiscal year.

"(b) Installment payments. The taxpayer may elect to pay the tax in four equal installments, in which case the first installment shall be paid on the date prescribed for the payment of the tax by the taxpayer, the second installment shall be paid on the fifteenth day of the third month, the third installment on the fifteenth day of the sixth month, and the fourth installment on the fifteenth day of the ninth month, after such date. If any installment is not paid on or before the date fixed for its payment, the whole amount of the tax unpaid shall be paid upon notice and demand from the collector. * * *"

26 U.S.C.A. Int.Rev.Code, § 56.

"§ 292. Interest on deficiencies.

"(a) General rule. Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax (or, if the tax is paid in installments, from the date prescribed for the payment of the first installment) to the date the deficiency is assessed. * * * * * * *

"(c) [As added by Section 6 of the Tax Adjustment Act of 1945, c. 340, 59 Stat. 517.] Deficiency resulting from carry-back and related matters. If any part of a deficiency is determined by the Commissioner to be attributable (A) to a carry-back to which an overpayment described in section 3771(e) or a decrease determined under section 3780(b), in any other tax is attributable, or (B) to an error in the amount or effect of a carryback which resulted in a credit or refund of an overpayment with interest computed pursuant to section 3771(e), or in a decrease determined under section 3780 (b), no interest shall be assessed or paid under subsection (a) with respect to such part of the deficiency for any period during which interest was not allowed with respect to such overpayment or for a period prior to the application of such decrease."

26 U.S.C.A. Int.Rev.Code, § 292.

"§ 710. [As added by Section 201 of the Second Revenue Act of 1940, supra.] Imposition of tax.

"(a) Imposition. There shall be levied, collected, and paid, for each taxable year beginning after December 31, 1939, on the adjusted excess profits net income, as defined in subsection (b), of every corporation (except a corporation exempt under section 727) a tax as follows: * * * * * * *

"(b) Definition of adjusted excess profits net income. As used in this section, the term 'adjusted excess profits net income' in the case of any taxable year means the excess profits net income (as defined in section 711) minus the sum of:

"(1) Specific exemption. * * *

"(2) Excess profits credit. The amount of the excess profits credit allowed under section 712; and

"(3) Unused excess profits credit. In the case of a taxpayer the normal-tax net income of which for the taxable year is not more than $25,000, the amount by which the excess profits credit for the preceding taxable year (if beginning after December 31, 1939) exceeds the excess profits net income for such preceding taxable year."

26 U.S.C.A. Int.Rev.Code, § 710.

is reflected in Senate Report No. 1631 of the Committee on Finance, 77th Congress, Second Session, at pages 122, 124, where it is pointed out, among other things, that the plaintiff taxpayer: " * * * must therefore file his return and pay his tax without regard to such deduction, and must file a claim for refund at the close of the succeeding taxable year when he is able to determine the amount of such carry-back. Inasmuch as any overpayment resulting from the deduction of such carry-back does not occur, as a practical matter, until the net operating loss or the unused excess profits credit * * * for the future taxable year is determined, and inasmuch as it is desirable to insure promptness in the filing of claims to inform the Commissioner that such deductions have been determined, this section provides that no interest will be allowed with respect to any such overpayment for any period before the claim therefor is filed, or a petition asserting such overpayment is filed with the Board of Tax Appeals, whichever is earlier."

■ This reasoning was adopted by the Commissioner in the November, 1944, Treasury Bulletin, commencing on page 162.[2] While the construction given the statute by the Treasury Department is not binding on the Court, it is entitled to thoughtful consideration. A ruling or finding by the Commissioner of Internal Revenue is presumptively correct. Plaintiff has the burden of proving the practice

adhered to by the Commissioner to be contrary to legislative intent and acquiescence. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212; Morrissey v. Commissioner, 296 U.S. 344, 355, 56 S.Ct. 289, 80 L.Ed. 263; Becker, Collector of Internal Revenue v. Anheuser-Busch, Inc., 8 Cir., 120 F.2d 403, 413. In the case last cited, Judge Woodrough, considering circumstances suggesting established practice by the Department whose duty it is to administer the Code, emphasizes the importance of such a ruling, saying, "The interpretation by officials charged with administration may not be disturbed except for weighty reasons."

■ Plaintiff relies chiefly on Section 322(a) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 322(a), directing that:

"Where there has been an overpayment of any tax imposed by this chapter, the amount of such overpayment shall be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance shall be refunded immediately to the taxpayer."

Plaintiff contends that the word "overassessment" includes interest paid on such tax. The only decided case to which the Court's attention has been directed, and which involves a situation analogous to that here presented is Seeley Tube & Box Co. v. Manning, D.C., 76 F.Supp. 937, 938,

2 "Public Law 201, approved December 17, 1943, in addition to amending section 722(d), added to the Code subsections 3771(g) and 292(b), relating to interest * * *.

"Sections 3771(g) and 292(b) place restrictions on the interest which is computed on 'any part' of a refund or deficiency 'attributable to the final determination of an application for relief or benefit under section 722.' * * * In the light of the foregoing statutory provisions restricting interest on that part of a deficiency or refund which is attributable to relief under section 722 and the absence of similar provisions for the computations of interest on deficiencies and refund attributable to non-section 722 issues.

"It is the apparent intent of Congress to subject the entire amount of the refund attributable to section 722 to the restrictions, regardless of whether or

not the determinations with respect to ordinary adjustments and to section 722 are made at the same time. This conclusion is indicated by the case of Uni-Term Stevedoring Company, Inc., 1944, 3 T.C. 917, which establishes that the issue of relief under section 722 may be determined independently of other issues affecting tax liability. Accordingly, interest would be due on the total amount of a deficiency attributable to such other issues from the date for filing the return, and interest would be allowed on the total amount of the overassessments attributable to an adjustment under section 722 but only for the time provided by section 3771(g).

\* \* \* \* \* \* \*

"The policy and practice of the Bureau with respect to carry-back loss is to place all taxpayers on an equal basis. \* \* \* "

in which the Court, among other things, said:

"The interest assessed under Section 292, although 'collected as a part of the tax,' is not a tax. United States v. Childs, 266 U.S. 304, 309, 45 S.Ct. 110, 69 L.Ed. 299; Owens v. Commissioner of Internal Revenue, 10 Cir., 125 F.2d 210, 213; Penrose v. United States, D.C., 18 F.Supp. 413, 415. This interest is clearly intended to compensate the Government for the delay in the payment of taxes imposed by statute and assessed thereunder."

Plaintiff's argument is appealing, forceful and persuasive of the lack of logic in the Bureau's refusal to return the interest when the tax is refunded. However, the law often borders on the illogical where the particular "statute does not descend to minutiae" and specifically state that "an overassessment of any tax" includes interest. If it were intended to include interest, Congress could have so provided. The Court cannot supply the lacking legislation in this respect.

I conclude plaintiff has not carried its burden of proof. Defendant may present findings of fact, conclusions of law and order, with appropriate form of judgment.

Plaintiff is allowed an exception.