### In re AJAX DRESS CO., Inc.

(Circuit Court of Appeals, Second Circuit.    April 9, 1923.)

#### No. 234.

**1. Bankruptcy ⊙⟳346—Annual franchise tax on corporations held apportionable on bankruptcy of corporation.**

Under Tax Law N. Y. § 209, imposing an annual tax, payable annually in advance, on every domestic corporation "for the privilege of exercising its franchise in this state," where a corporation became bankrupt, not having paid the tax for the current year, the tax is apportionable, and the estate is liable only for that portion of the tax accruing to the date of bankruptcy.

**2. Taxation ⊙⟳526—Requirement that franchise tax shall be paid annually in advance directory only.**

A provision of a statute imposing an annual franchise tax that it shall be paid "annually in advance" *held* directory only.

**3. Bankruptcy ⊙⟳346—Statutory penalties for nonpayment of taxes allowable only to extent of legal interest.**

Under Bankruptcy Act, § 57j (Comp. St. § 9641j), on the claim of the state for delinquent taxes, an additional sum claimed under the statute for delinquency, whether as a penalty in name or for interest at the rate of 1 per cent. per month, is allowable only to the extent of legal interest.

Petition to Revise and Appeal from Order of the District Court of the United States for the Southern District of New York.

In the matter of the Ajax Dress Company, Inc., bankrupt, the State of New York and the State Tax Department appeal from an order disallowing in part claim for franchise tax.    Affirmed.

Certiorari granted 43 Sup. Ct. 706, 67 L. Ed. ——.

Appeal from an order in bankruptcy entered in the District Court for the Southern District of New York. The petition against the above named bankrupt was filed December 22, 1920, and adjudication duly followed. Against the estate the state tax department filed a claim for a "franchise tax, for period ending October 31, 1921"; the amount claimed being

For tax ............................................................. $448.34
"Penal interest, etc." ............................................... 87.03

Total ............................................................ $535.37

The bankrupt was a manufacturing or mercantile corporation of the state of New York. The tax claimed arises under section 209 of the Tax Law of New York, which, so far as material, reads thus:

"*Franchise Tax on Corporations Based on Net Income.* For the privilege of exercising its franchises in this state in a corporate or organized capacity, every domestic manufacturing and every domestic mercantile corporation

\* \* \* shall annually *pay in advance for the year beginning November 1st next preceding* an annual franchises tax," etc.

The bankrupt ceased actual business on the day of petition filed, so that it exercised its franchise something less than 2 months out of the 12 months for which the tax was levied and leviable.

The court below apportioned the tax, and allowed of the claim a fraction which represented the portion of the year during which the bankrupt exercised its franchise. As Ajax Company had not complied with the statute and paid the tax, the state claimed under section 219-c of said Tax Law:

"In addition to the amount of such tax, ten per centum of such amount, plus one per centum for each month the tax remained unpaid."

The court below denied this claim, treating it as a penalty, but allowed 6 per cent. interest on the apportioned tax to the day of the date of actual payment by the trustee. From the order embodying this decision the present appeal was taken.

Carl Sherman, Atty. Gen., of New York (Robert P. Beyer, Deputy Atty. Gen., of New York, of counsel), for appellants.

Moses & Singer, of New York City (Henry B. Singer, of New York City, of counsel), for trustee in bankruptcy.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The question whether that which the state calls a tax is a tax, and a proper tax, produces a federal question, under the Bankruptcy Act. New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284. Yet, under familiar rulings, the construction of a state statute and the definition of its terms are matters on which we should ordinarily follow the authority of the highest state court. Therefore we regard the first branch of this case as raising only the question whether it is or is not governed by People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 69 N. E. 124. In that case the operative words of the statute were that the said trust company, being incorporated under the law of New York, "shall pay to the state annually for the privilege of exercising its corporate franchise or carrying on its business in such corporate or organized capacity, an annual tax," etc.

The Trust Company organized on June 6, 1901, and opened for business on June 24th. A tax was levied for the year ending June 30, 1901, and the state demanded that for the privilege of transacting business for 6 days it should pay the same tax that it would have paid for doing business 365 days. Vann, J., pointed out that the demand was for "an 'annual' tax, imposed 'annually,'" and for the privilege of "exercising not of possessing, a corporate franchise;" further, that it could not "exercise its franchise for the entire year, because the state did not bring it into existence until the year had nearly expired." The consideration for the tax was the privilege of carrying on business; yet the state was endeavoring to require the relator to pay for a privilege that it "could not exercise during the greater part of the period for which the tax was laid." Further, said the court, an annual tax imposed annually meant a tax "imposed once a year, computed by the year," and the tax was "measured by an annual business done."

It was further pointed out that in People v. Spring Valley Co., 92 N. Y. 383, there (and here) relied upon by the state, the question of

apportionment had been raised neither by the pleadings nor at trial, and, although sought to be raised in the court of last resort, was not considered for obvious reasons. The question now at bar is whether, since the present statute requires a corporation to pay the tax "annually in advance," the reasons for the Mutual Trust Company decision have been swept away by changing the language of the statute.

[2] Every reason advanced by the court in the Mutual decision is applicable here. The requirement to pay "annually in advance" is directory only; the tax was the same tax on the day of petition filed that it was on the 1st of November. Undoubtedly the state may exact a price for beginning a year's business, or charge the same price for the privilege of transacting business one day or one year. The question is not one of power, but of language, and we are of opinion that the changed language has not changed the nature of the tax. Comparing the Mutual Case with this: Both taxes are franchise taxes; both are measured by business or the means of doing business; both are for the exercise of a franchise; neither is for the possession of a franchise; nor is either a price exacted on giving a franchise; in both the contemplation of law is that the franchise shall cover the business done thereunder for a year.

For these reasons we follow the Mutual decision in holding that the tax was properly apportioned below. The case of New York Terminal Co. v. Gaus, 204 N. Y. 512, 98 N. E. 11, is not applicable; there a receiver had exercised the taxable franchise, and was held taxable thereon and therefor. Nothing of the sort is here suggested. The inability of the Mutual Company to exercise its franchise for the yearly period was caused by nonexistence; the inability of Ajax Company to do the same is caused by deprivation through bankruptcy of all means of exercising the privilege; the business and logical result is the same. The somewhat ironic suggestion that, had Ajax Company paid the tax and gone out of business or into bankruptcy in a few days, there would have been some difficulty in getting a rebate from the state, is not persuasive in law, though quite true in practice.

[3] So far as the state's second demand, for penalties and interest, is concerned, the matter is covered by our opinion in Re Menist, 290 Fed. 947, filed to-day. That decision relates to a claim for interest at 1 per cent. per month, made by the United States in respect of its demand for lawful and unpaid taxes; but whatever is there said is applicable with equal force to the demand of the state of New York, not only for 1 per cent. a month, but for what is confessedly a penalty and called by that name.

Order affirmed, with costs.