## In re HINER et al.

(District Court, W. D. Pennsylvania. December 13, 1923.)

No. 11124.

**1. Bankruptcy ⟷346—Mercantile tax preferred claim.**

Pennsylvania mercantile tax based on volume of business done is a preferred claim under Bankruptcy Act, § 64a (Comp. St. § 9648).

**2. Bankruptcy ⟷346—Pennsylvania mercantile tax not proratable claim.**

Pennsylvania mercantile tax based on volume of business done is not a claim which may be prorated according to length of time during which business was conducted.

In Bankruptcy. In the matter of Eldridge Clark Hiner and Lloyd Holden Hiner, individually and as partners trading as Hiner Bros. Review of referee's findings as to amount of priority of mercantile tax. Findings overruled.

SCHOONMAKER, District Judge. This case is before the court on petition of the county treasurer of Greene county, Pa., asking the court to review the action of the referee in bankruptcy in prorating a preferred tax claim filed by said treasurer for unpaid mercantile tax of the state of Pennsylvania in the sum of $5.31, when the full amount of the claim as filed amounted to $12.75.

[1] The referee found that this mercantile tax was a preferred claim under section 64a of the Bankruptcy Act (Comp. St. § 9648), and is entitled to be paid as such. We concur in the finding of the referee on this point, and confirm his finding in that respect on his opinion filed.

[2] We do not concur in the finding of the referee that this tax should be allowed and paid only for the pro rata part of the year that the bankrupt was in business after the tax became due and payable on May 1, 1923. Under the Mercantile License Tax Act of Pennsylvania (Pa. St. 1920, § 14727 et seq.) this tax became due and payable on May 1, 1923, and was assessed and based on the volume of business done by the bankrupt during the preceding year, and the tax should, in our opinion, have been allowed as a preferred claim by the referee for the amount filed, $12.75. We are of the opinion that this tax is not subject to be prorated for the length of time that the bankrupt was in business after the tax became due.

We note the decision quoted by the referee in the Matter of Ajax Dress Co., Inc., 1 Am. Bankr. Rep. (N. S.) 116, 290 Fed. 950,[1] in which the Circuit Court of Appeals of the Second Circuit affirmed an order of the District Court of New York apportioning a corporation license tax of the state of New York for doing business within the state of New York. In the New York case the tax was apportioned by reason of the fact that the tax is a franchise tax under which the corporation exists, and is not in the nature of a mercantile tax such as levied by our Pennsylvania Mercantile Tax Act, which became due, in this instance, on May 1, 1923.

We therefore overrule the finding of the referee in allowing this claim at $5.31, and reinstate it as a preferred claim to the extent of $12.75.

An order may be entered accordingly.

---

[1] Order reversed in part. New York v. Jersawit, 263 U. S. 493, 44 Sup. Ct. 167, 68 L. Ed. 405.