## MEILINK, TRUSTEE IN BANKRUPTCY, *v.* UNEMPLOYMENT RESERVES COMMISSION OF CALIFORNIA.

No. 61.   Argued December 17, 18, 1941.—Decided January 5, 1942.

*Mr. W. Randolph Montgomery,* with whom *Mr. John Walton Dinkelspiel* was on the brief, for petitioner.

*Mr. John J. Dailey,* Deputy Attorney General of California, with whom *Messrs. Earl Warren,* Attorney General, and *Maurice P. McCaffrey* were on the brief, for respondent.

MR. JUSTICE JACKSON delivered the opinion of the Court.

The petitioner is the trustee of a bankrupt which was indebted to the California Unemployment Reserves Commission for contributions which had accrued under the California Unemployment Reserves Act. Section 45 of that Act provided that, in the event of default in payment

of contributions due, the employer "shall become additionally liable for interest on such payments at the rate of twelve per cent per annum from the date such payment becomes due, both principal and interest being payable in the same manner as the contributions." Deering's Gen. Laws, 1937, Act 8780d, § 45. The Commission filed proof of a priority claim in the bankruptcy proceeding for the principal amount of the accrued contributions and interest thereon at the rate of twelve per cent.

The trustee paid the principal sum with interest at six per cent, but refused to pay more, relying on § 57j of the Bankruptcy Act, 11 U. S. C. § 93j, which provides that "Debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law." The trustee asserted that any exaction in excess of six per cent, which he claimed was the "reasonable and customary rate of interest," was a penalty; the bankruptcy court decreed that all above seven per cent (a common, though not an invariable, legal rate in California) was a penalty and refused to allow so much of the claim; and the Circuit Court of Appeals for the Ninth Circuit reversed on the ground that no part of the twelve per cent was a penalty. 116 F. 2d 330. We granted certiorari because of the conflict between this decision and that of the Circuit Court of Appeals for the Third Circuit in *In re Pressed Steel Car Co. of New Jersey*.[1]

Petitioner seeks to establish that the twelve per cent exaction here in question is not "interest" by pointing to Article XX, § 22 of the California Constitution, which

---

[1] 100 F. 2d 147, certiorari denied *sub nom. Wick* v. *New Jersey*, 306 U. S. 648.

provides that, except for specified institutions, the rate of interest on loans, and on accounts after demand or judgment, shall be seven per cent, and leaves the parties free to contract in writing for a rate not exceeding ten per cent.[2] We do not understand that as a matter of State law the California legislature was thereby forbidden to prescribe the higher rate here involved. And the mere difference in rates does not establish that the twelve per cent rate is not "interest" within the meaning of § 57j of the Bankruptcy Act.

It is common knowledge that interest rates vary not only according to the general use value of money but also according to the hazard of particular classes of loans. Delinquent taxpayers as a class are a poor credit risk; tax default, unless an incident of legitimate tax litigation, is, to the eye sensitive to credit indications, a signal of distress. A rate of interest on tax delinquencies which is low in comparison to the taxpayer's borrowing rate— if he can borrow at all—is a temptation to use the state as a convenient, if involuntary, banker by the simple practice of deferring the payment of taxes.

Another variable is the amount necessary to compensate for the trouble of handling the item. The legislature may include compensation to the state for the increased costs of administration in the exaction for delay in paying taxes without thereby changing it from interest to penalty.

---

[2] This reads in part as follows:

"The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the State, shall be seven per cent per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding ten per cent per annum."

Expressly excepted are building and loan associations, industrial loan companies, credit unions, pawnbrokers, personal property brokers, state and national banks, and coöperative associations.

These factors—risk, and the expenses of handling—are reflected in the interest rates permitted by California to certain types of financial institutions: for example, credit unions may charge interest at the rate of one per cent per month;[3] pawnbrokers, at two per cent per month on the first one hundred dollars of indebtedness;[4] and personal property brokers, two and one-half per cent per month on the first three hundred dollars.[5] A differentiation of treatment for particular types of loans similar in principle is commonly made by other states.[6]

*New York* v. *Jersawit,* 263 U. S. 493, is thought by petitioner to require a decision in his favor. That case involved a New York statute visiting tax delinquents with an additional liability of ten per cent of the tax, and adding thereto a further liability of one per cent per month, which was not denominated interest. The Circuit Court of Appeals had held that such provision was penal, but had allowed interest at the usual legal rate on the theory that it represented actual damage. *In re Ajax Dress Co.,* 290 F. 950. This Court, speaking through Mr. Justice Holmes, said:

"There can be no doubt that the additional ten per centum charged for failure to pay by January 1 is a penalty, disallowed by the Bankruptcy Act, § 57j, but it is urged that the one per centum for each month of default is statutory interest and that the State is entitled to that and otherwise would be entitled to none. As the one per centum is more than the value of the use of the money and is added by the statute to the ten to make a single sum it must be treated as part of one corpus and must fall with that. We presume that in this event the State does not object to receiving the

---

[3] Deering's Gen. Laws, 1939 Supp., Act 1887, § 3 (5).

[4] Deering's Gen. Laws, 1939 Supp., Act 5826, § 2.

[5] Deering's Gen. Laws, 1939 Supp., Act 5825 (2d), § 17.

[6] Clark, Financing the Consumer (1933), Appendix I.

simple interest allowed. That part of the order will stand." 263 U. S. at 496.

Here the exaction computed according to lapse of time is not lumped together with another percentage computed without reference to lapse of time; here the exaction is denominated interest by the statute, and there it was not; and we cannot be so confident here that twelve per cent "is more than the value of the use of the money," or of the validity of the implied major premise that an exaction in excess of such value cannot be merely an interest charge.[7]

The decision which controls here is the more recent one of *United States* v. *Childs,* 266 U. S. 304, where the statute separately denominated a flat five per cent exaction as a penalty, and an additional one of one per cent a month as interest. The latter was held to be "interest" within the meaning of § 57j of the Bankruptcy Act. The distinction from the fact that the exaction in that case was by the United States and in this case by a State calls for no difference in result. We must give credit to a state legislature acting within its Constitutional sphere like that accorded to Congress acting in its Constitutional

---

[7] Compare the following exactions, provided by the various Unemployment Compensation Acts for non-payment of contributions due:

"Interest" at 6% per annum or its equivalent on a monthly basis: United States, Delaware, Florida, Georgia, Indiana, Massachusetts, New York, North Carolina, Oregon, Utah, Wisconsin; at 8%: Ohio; at 81/100% per month: Kansas; at 9%: Connecticut, Michigan; at 12%: District of Columbia, Alabama, Arizona, Arkansas, Colorado, Illinois, Iowa, Louisiana, Maine, Maryland, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Vermont, Virginia, Washington, West Virginia, Wyoming.

"Penalty" at 12%: Kentucky, Texas; at 2% to 25% per month: Idaho.

sphere. And the distinction which Congress made in the legislation considered in the *Childs* case, and in other revenue legislation, between penalty as a fixed *ad valorem* amount taking no account of time, and interest which does depend on time, is persuasive that its use of the word "penalty" in the Bankruptcy Act will bear a like differentiation from interest.

Finally, it may be observed that Congress itself has provided in the District of Columbia Unemployment Compensation Act that, in the event contributions are not paid when due, "there shall be added, as part of the contributions, *interest* at the rate of 1 per centum per month." (Italics supplied.) D. C. Code (Supp. V. 1939) tit. 8, § 314 (c).

*Affirmed.*

Mr. Justice Roberts took no part in the decision of this case.