### In re KIT KAT CLUB, Inc.
### No. 30393-R.

District Court, N. D. California, S. D.

June 16, 1944.

Grant H. Wren and James M. Conners, both of San Francisco, Cal., for trustee of the bankrupt's estate.

Robert W. Kenny, Atty. Gen. of California, and Clarence A. Linn, Deputy Atty. Gen., for petitioner.

ROCHE, District Judge.

This matter comes before the court on the petition of the California Employment Commission of the State of California for a review of the Referee's order of December 14, 1942, after the claim involved had been re-referred to the Referee for further consideration and report.

The Kit Kat Club was adjudicated an involuntary bankrupt on June 24, 1938, and thereafter the petitioner filed its proof of priority claim for taxes under section 64, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a. The claim was for certain sums representing employer and employee contributions under the California Unemployment Insurance Act, St.1935, p. 1226, together with interest thereon at the rate of 12 per cent per annum, as provided by Section 45 of the Act.[1] The claim was allowed to the extent of the employer's contributions owing and unpaid to the petitioner but disallowed as to the amount representing employee contributions, on the ground that the latter could not be considered a tax and entitled to priority. The Referee likewise disallowed all interest

[1] "Sec. 45. If any employer fails to make any payment required of him, or fails to deduct and pay to the commission the contributions of his workers, in accordance with the provisions of this act and of the rules and regulations adopted by the commission, he shall become additionally liable for interest on such payments at the rate of twelve per cent per annum from the date such payment becomes due, both principal and interest being payable in the same manner as the contributions. Such payment and interest shall be collectible in the name of the commission in any manner practicable, including civil action by the commission against the defaulting employer." St.1937, p. 2083.

in excess of 6 per cent per annum, ruling that such claimed excess was in the nature of a disallowable penalty within the purview of Section 57, sub. j, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j. By the terms of the order, however, the petitioner was given the opportunity of placing before the court evidence tending to show that petitioner was entitled to have its claim allowed in full as a trust fund in the hands of the trustee of said bankrupt's estate. No such evidence was adduced, counsel for petitioner having advised the court that since no evidence would be presented on petitioner's behalf, no appearance would be made at the hearing on this point. Accordingly, the California Employment Commission's petition was dismissed.

The Commission now seeks a review of the Referee's order, specifying as error the disallowance of its claim in full as a priority tax claim and the disallowance of interest at 12 per cent.

Petitioner relies on certain provisions of the California Unemployment Insurance Act, as amended in 1937. Section 44 of the Act provides "* * * Each employer shall, notwithstanding any provisions of law in this State to the contrary, withhold in trust the amount of his workers contributions from their wages at the time such wages are paid, shall show such deductions on his pay roll records, shall furnish such evidence thereof to his workers as the commission may prescribe, and shall transmit all such contributions to the fund, in addition to his own contributions pursuant to general rules of the commission." In the event of an employer's bankruptcy Section 46 provides "the amount due for contributions on behalf of the employer shall have preference over all other claims against the said employer except unpaid wages * * *; provided, that in the event of the employer's adjudication in bankruptcy * * * under the Federal Bankruptcy Act of 1898, as amended, contributions then or thereafter due shall be entitled to such priority as is provided in section 64(b) of that act."

The Referee ruled against the petitioner's claim that under the above sections the employer was primarily liable for his employee contributions and held that his duty was merely to collect and transmit them. Once collected, they formed a trust fund to be turned over, in addition to the employer's own contributions. If the employer failed to withhold the required amounts from his employee's wages, there would be no trust fund. The record in this case discloses that no moneys impressed with a trust ever came into the hands of the trustee of the bankrupt's estate. There remains, then, the question whether the employer was made primarily liable for payment of the contributions due from his employees. If he were, the authorities are clear that a tax claim entitled to priority would result. The California Act, as it read in 1937, provides specifically that the employer shall collect and hold in trust contributions to be withheld from his employee's wages and shall transmit them, together with his own contributions, and, further, that in the event of the employer's bankruptcy the amount due on behalf of the employer shall be a preferred claim. The employer is thus made liable for contributions on his own behalf and is charged with the responsibility of collecting and transmitting the contributions due from his employees. Nothing in the language of the Act places upon the employer a primary liability for payment of the amounts due from his employees; therefore the Referee's decision that as to such amounts the petitioner's claim is not entitled to priority will be affirmed and it is so ordered.

The second point raised by petitioner is the Referee's refusal to allow interest at the rate of 12 per cent per annum on the contributions owing and unpaid. The Referee took the position that petitioner was entitled to the value of the use of the money, and no more, and that the evidence presented by the Trustee of the bankrupt's estate showed 6 per cent to be sufficient. Petitioner offered no evidence, standing squarely on the Supreme Court's decision in Meilink v. Unemployment Reserves Commission, 314 U.S. 564, 62 S.Ct. 389, 391, 86 L.Ed. 458.

In the Meilink case, which came before the Supreme Court on certiorari to the Ninth Circuit Court of Appeals, this precise question was considered and the Circuit Court's decision was affirmed without dissent, the Court holding that the entire 12 per cent was interest and not penalty. In the course of the opinion, Mr. Justice Jackson speaking, the Court pointed out that varying rates of interest were permitted by California and that "it is common knowledge that interest rates vary

not only according to the general use value of money but also according to the hazard of particular classes of loans. Delinquent taxpayers as a class are a poor risk; tax default, unless an incident of legitimate tax litigation, is, to the eye sensitive to credit indications, a signal of distress. A rate of interest on tax delinquencies which is low in comparison to the taxpayer's borrowing rate—if he can borrow at all—is a temptation to use the state as a convenient, if involuntary, banker by the simple practice of deferring the payment of taxes."

The Court distinguished New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 168, 68 L.Ed. 405, a case involving a New York statute visiting tax delinquents with an additional liability of ten per cent of the tax, and adding thereto a further liability of one per cent per month, which was not denominated interest. There Mr. Justice Holmes had used the following language: "there can be no doubt that the additional ten per centum charged for failure to pay by January 1 is a penalty, disallowed by the Bankruptcy Act, § 57J, * * * but it is urged that the one per centum for each month of default is statutory interest and that the State is entitled to that and otherwise would be entitled to none. As the one per centum is more than the value of the use of the money and is added by the statute to the ten to make a single sum it must be treated as part of one corpus and must fall with that. We presume that in this event the State does not object to receiving the simple interest allowed."

In the Meilink case the Court quoted the foregoing passage and then said: "Here the exaction computed according to lapse of time is not lumped together with another percentage computed without reference to lapse of time; here the exaction is denominated interest by the statute, and there it was not; and we cannot be so confident here that twelve per cent 'is more than the value of the use of the money,' or of the validity of the implied major premise that an exaction in excess of such value cannot be merely an interest charge."

■ The Referee interpreted the above language to mean that if the 12 per cent were shown to be more than "the value of the use of the money" it would not be allowable as interest. A careful reading of the entire opinion does not support this interpretation by the Referee. Accordingly, the Referee's decision on this point will be reversed, and it is so ordered.