IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20423
_____

In The Matter Of:  ROGER B HARDEE,

                              Debtor.

-------------

ROGER B HARDEE,

                         Appellant,

v.

INTERNAL REVENUE SERVICE; KENNETH R HAVIS, Trustee,

                         Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

April 1, 1998

Before KING, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

KING, Circuit Judge:

Debtor-appellant Roger Hardee appeals the district court's judgment affirming the bankruptcy court's judgment that the 26 U.S.C. § 6621(c) interest that he paid in excess of the regular interest rate is excepted from a Chapter 7 discharge in bankruptcy.  We affirm.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Debtor-appellant Roger Hardee timely filed his federal income tax returns for the 1983 and 1984 tax years and received refunds for each year.  On October 16, 1995, the Internal Revenue

Service (IRS) made additional assessments for both years. For 1983, the IRS assessed unpaid taxes in the amount of $10,638 and interest in the amount of $29,359.59 under § 6621(c) of the Internal Revenue Code, which provides for increased interest on substantial underpayments of tax attributable to tax-motivated transactions. See 26 U.S.C. § 6621(c) (repealed 1989). For 1984, the IRS assessed unpaid taxes in the amount of $5061 and interest under § 6621(c) in the amount of $11,514.82. On December 18, 1995, the IRS assessed additional interest amounts for 1983 and 1984 of $499.96 and $207.25, respectively.

On December 18, 1995, Hardee paid the IRS $33,173.36 and $14,060.34 for the assessments on 1983 and 1984, respectively. His remaining balance is $7314.19 for 1983 and $2722.73 for 1984. These amounts represent the additional interest that Hardee must pay under § 6621(c) above the regular rate of interest for underpayments under § 6621(a).

On January 2, 1996, Hardee filed a petition for relief under Chapter 7 of the Bankruptcy Code and subsequently received a discharge. Hardee then commenced this adversary proceeding to determine the dischargeability of the increased interest imposed by § 6621(c) for his 1983 and 1984 tax liability. Hardee moved for summary judgment in the bankruptcy court, asserting that the additional interest was a dischargeable, "nonpecuniary loss penalty" under 11 U.S.C. § 523(a)(7). The IRS opposed the motion and filed a cross-motion for summary judgment asserting that the additional interest was excepted from discharge under 11 U.S.C.

2

§§ 523(a)(1)(A) and 507(a)(8)(A) as part of the underlying nondischargeable tax or under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(G) as a "pecuniary loss penalty."

The bankruptcy court denied Hardee's motion and granted the IRS's.  Hardee then filed an unsuccessful motion for reconsideration.  On appeal, the district court affirmed the bankruptcy court's judgment.  Hardee now appeals to this court.

## II.  STANDARD OF REVIEW

In this case, the facts are undisputed, and both parties agree that this case presents only questions of law, specifically questions of statutory interpretation, which we review de novo. See Bruner v. United States (In re Bruner), 55 F.3d 195, 197 (5th Cir. 1995).

## III.  DISCUSSION

Section 6621(c) of the Internal Revenue Code, which has since been repealed, set the rate of interest for substantial underpayments (underpayments over $1000) of tax attributable to tax-motivated transactions at 120 percent of the regular underpayment rate.  26 U.S.C. § 6621(c) (repealed 1989).[1]  Hardee

---

[1]  The relevant portions of § 6621 in effect during the relevant period read as follows:

> (a) General rule.--
>   . . .
>     (2) Underpayment rate.--The underpayment rate established under this section shall be the sum of--
>         (A) the Federal short-term rate determined under subsection (b), plus
>         (B) 3 percentage points.
>   . . .
> (c) Interest on substantial underpayments

3

argues that the increased interest imposed by § 6621(c) over and above the regular rate is a penalty that was discharged by his Chapter 7 bankruptcy proceeding.  See 11 U.S.C. § 727(a).

Under Chapter 7, an individual debtor is entitled to a discharge of all pre-existing debts with some exceptions, including those provided for in § 523 of the Bankruptcy Code. Id. § 727(a)-(b).  Section 523 lists exceptions from discharge, including taxes referred to in § 507(a)(2) and (a)(8), regardless of whether a claim for such taxes has been filed, and certain penalties payable to the government.  Id. § 523(a)(1)(A), (a)(7).[2]  Section 507(a)(8), which relates to the priority of

attributable to tax motivated transactions.--
        (1) In general.--In the case of interest payable under section 6601 with respect to any substantial underpayment attributable to tax motivated transactions, the rate of interest established under this section shall be 120 percent of the underpayment rate established under this section.

26 U.S.C. § 6621 (subsection (c) repealed 1989).

[2]  The relevant portions of § 523 read as follows:

        (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
        (1) for a tax or a customs duty--
            (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
        . . .
        (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty--
            (A) relating to a tax of a kind not specified in paragraph (1) of this

4

claims, includes taxes measured by income or gross receipts that have been assessed within 240 days before the filing of the debtor's bankruptcy petition and penalties related to such taxes, which constitute compensation for "actual pecuniary loss." Id. § 507(a)(8).[3]

Both the district and bankruptcy courts held that the increased interest payable under § 6621(c) is nonetheless interest and part of the underlying tax debt and therefore that it is excepted from discharge in a Chapter 7 bankruptcy under §§ 523(a)(1)(A) and 507(a)(8)(A)(ii). Both courts went on to hold that, even if § 6621(c) interest is a penalty, it is a

---

subsection; or
    (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition; . . . .

11 U.S.C. § 523.

[3] The relevant portions of § 507(a)(8) read as follows:

    (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--
        (A) a tax on or measured by income or gross receipts--
        . . .
        (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or
        . . .
        (G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

11 U.S.C. § 507(a)(8).

5

penalty for actual pecuniary loss to the government and it would therefore be excepted from discharge under §§ 523(a)(1)(A) and 507(a)(8)(G).  In response to Hardee's argument that § 523(a)(7) bars § 6621(c) interest from § 523's exceptions to discharge, both lower courts found § 523(a)(7) to be inapplicable because the increased interest is not punitive in nature.

The cross-references between §§ 507 and 523 create several possible paths to a disposition of this case.  We will approach the question of whether § 6621(c) additional interest is excepted from discharge as the lower courts did--step by step, beginning with whether the additional interest is interest or a penalty.[4]

## A.    Interest or Penalty?

The Supreme Court has considered whether interest is a penalty or merely interest twice before in relation to the Bankruptcy Act of 1898.  In United States v. Childs, 266 U.S. 304, 307 (1924), the Court defined both penalty and interest: "A penalty is a means of punishment; interest a means of compensation."  In Meilink v. Unemployment Reserves Comm'n, 314 U.S. 564, 570 (1942), the Court distinguished a "penalty as a fixed ad valorem amount taking no account of time" from "interest

---

[4]  Hardee argues that this issue has already been decided by this court, but the cases upon which he relies refer to § 6621(c) interest as a penalty while deciding another issue without considering the nature of § 6621(c) interest.  See Durrett v. Commissioner, 71 F.3d 515, 517 (5th Cir. 1996) (reviewing whether taxpayers lacked a profit motive bringing them within transactions to which § 6621(c) applied); Heasley v. Commissioner, 902 F.2d 380, 385-86 (5th Cir. 1990) (reviewing whether a transaction was tax motivated).  In both cases, the description of the interest as a penalty is, at best, dicta.

6

which does depend on time." The <u>Childs</u> Court noted that "the power that creates [an] obligation can assign the measure of its delinquency--the detriment of delay in payment." 266 U.S. at 308. The <u>Meilink</u> Court found that a "mere difference in rates" does not establish that an increased rate is a penalty. 314 U.S. at 567. The Court recognized that risk is an important factor causing interest rates to vary from a general compensatory rate:

> It is common knowledge that interest rates vary not only according to the general use value of money but also according to the hazard of particular classes of loans. Delinquent taxpayers as a class are a poor credit risk; tax default, unless an incident of legitimate tax litigation, is, to the eye sensitive to credit indications, a signal of distress. A rate of interest on tax delinquencies which is low in comparison to the taxpayer's borrowing rate--if he can borrow at all--is a temptation to use the state as a convenient, if involuntary, banker by the simple practice of deferring the payment of taxes.

<u>Id.</u> Therefore, the Court acknowledged that an exaction having in part a deterrent effect does not make that exaction a penalty. Additionally, the <u>Meilink</u> Court added that the expense of handling a particular collection item can also legitimately vary the rate of interest. <u>Id.</u>

More recently, the Supreme Court has had the opportunity to determine whether a particular exaction was a tax or a penalty under the current Bankruptcy Code. <u>See</u> <u>United States v. Reorganized CF & I Fabricators of Utah, Inc.</u>, 518 U.S. 213, 116 S. Ct. 2106 (1996). The Court took a functional approach to this determination, looking beyond the labels in the Bankruptcy and Internal Revenue Codes. <u>Id.</u> at 2111-12. This court has taken a similar approach in the past. <u>See</u> <u>Mahon v. United States</u>

7

Internal Revenue Serv. (In re Unified Control Sys., Inc.), 586 F.2d 1036, 1037 (5th Cir. 1978) (considering whether an excise tax was a penalty and noting that the label given an exaction in the Internal Revenue Code is not dispositive and must be considered in its context).  However, while looking beyond them, labels can inform a determination; in Childs, the fact that a statute labeled different exactions as a penalty and as interest was relevant to whether the interest was a penalty.  266 U.S. at 309-10; see also Unified Control Sys., 586 F.2d at 1037 (considering the label in context).

To determine whether the § 6621(c) additional interest is a penalty, the following factors are relevant: (1) the language of the provision, (2) the form of the sanctions, (3) the confiscatory nature of the sanction, and (4) the legislative history of the provision.  See Unified Control Sys., 586 F.2d at 1038-39 (considering a 200% excise tax); see also Reorganized CF & I Fabricators, 116 S. Ct. at 2113-14 (finding a 10% sanction on the underfunding of a pension plan to be a penalty based upon the legislative history of the provision and its function); Meilink, 314 U.S. at 569-70 (finding a 12% interest rate (2% higher than the maximum allowable private rate under the state constitution) to be interest and not a penalty based upon its function, form, and label).

First, the language of the Internal Revenue Code denominates the § 6621(c) exaction as interest.  26 U.S.C. § 6621.  Section 6621(c) appears in the same section as the regular underpayment

8

rate and is a substitute for the regular underpayment rate.  See id.  Additionally, the § 6621(c) rate is located in the subchapter on interest and not in the subchapter on penalties.  See id. chs. 67-68.  Labels are not dispositive, but the placement of the provision and its label are informative, as in Childs, when considered in relation to how Congress has denominated and placed provisions that it considers to be penalties.

Second, in form, § 6621(c) interest is applied in the same manner as the regular rate of interest.  See id. §§ 6601, 6622.  It is compounded daily and only accrues while the debt is overdue and remains unpaid.  Id.  The taxpayer can end the imposition of the interest by paying the tax debt.  Nothing about § 6621(c) interest suggests that it is applied in any way unlike the application of the regular interest rate to a tax debt.

Third, the regular interest rate ranged between 9% and 13% during the relevant time period, and the § 6621(c) 20% increase over the regular interest rate ranged between 10.8% and 15.6% during that period.  Therefore, the increase due to § 6621(c) ranged between 1.8% and 2.6%, which is similar to the increased rate in Meilink; the § 6621(c) additional interest is not nearly as burdensome an exaction as the one at issue in Unified Control Systems (200%) and is significantly less so than the one at issue in Reorganized CF & I Fabricators (10%).  Therefore, § 6621(c) interest rate is not confiscatory in nature.

Fourth, the legislative history of § 6621(c) is sparse. That which is available lists § 6621(c) among other penalty provisions enacted in response to the tax court backlog. See H.R. CONF. REP. NO. 98-861, at 985 (1984) (in section describing § 6621, noting "that a number of the provisions of recent legislation have been designed, in whole or in part, to deal with the Tax Court backlog" and listing as examples "adjustment of interest rates (sec. 6621)," valuation overstatement and substantial understatement penalties, and increased damages for delaying or frivolous tax court proceedings (emphasis added)), reprinted in 1984 U.S.C.C.A.N. 1445, 1673. At most, this association highlights the deterrent effect that Congress intended the provision to have in order to aid in easing the burden on the system of tax dispute resolution.

Under the above factors, § 6621(c) increased interest is interest and not a penalty. It also fits neatly within the Supreme Court precedent of Childs and Meilink. The § 6621(c) exaction depends upon time, which distinguishes it from a penalty. See Meilink, 314 U.S. at 570. Section 6621(c) reaches delinquent taxpayers, who have engaged in certain tax-motivated, sham transactions that Congress felt increased the burden upon the tax court system. See H.R. CONF. REP. NO. 98-861, supra. Congress can legitimately vary the interest rate because of its desire to deter the transactions which lead to this burden and the increased cost of collection created by this burden. See Meilink, 314 U.S. at 567. The next step is to determine whether

10

§ 6621(c) interest is part of the underlying tax debt or just a pecuniary penalty.

**B.    Pecuniary Penalty or Part of the Underlying Tax Debt?**

This court has already determined that interest payable in respect of a tax debt is a penalty "in compensation for actual pecuniary loss" under § 507(a)(8)(G). See Jones v. United States (In re Garcia), 955 F.2d 16, 18-19 (5th Cir. 1992).  It follows that § 6621(c) interest falls within § 507(a)(8)(G), making the next step in our determination whether interest is part of the underlying tax debt or just a pecuniary penalty.  We expressly left this question open in Garcia.  See id. at 19.

In In re Larson, 862 F.2d 112, 118-19 (7th Cir. 1988), the Seventh Circuit has directly addressed whether interest is part of the underlying tax debt and answered in the affirmative.  The Larson court considered the Bankruptcy Code's definition of "claim" in § 101 and its exclusion of only post-petition interest from an allowed claim in § 502.  See id. at 119; see also 11 U.S.C. §§ 101(5) (defining "claim" to be a "right to payment," whether or not liquidated, fixed, matured, disputed, or secured), 502(b) (allowing a "claim in such amount, except to the extent that-- . . . such claim is for unmatured interest").  Therefore, the Larson court found that pre-petition interest is part of the allowed claim, that is the underlying tax debt.  Id.; accord United States v. H.G.D. & J. Mining Co. (In re H.G.D. & J. Mining Co.), 74 B.R. 122, 124-25 (S.D. W. Va. 1986), aff'd, 836 F.2d 546 (4th Cir. 1987) (unpublished table decision); In re Hall, 191

11

B.R. 814, 816-17 (Bankr. D. Alaska 1995); <u>Pierce v. United States (In re Pierce)</u>, 184 B.R. 338, 344 (Bankr. N.D. Iowa 1995); <u>Brinegar v. United States (In re Brinegar)</u>, 76 B.R. 176, 178-79 (Bankr. D. Colo. 1987); <u>In re Treister</u>, 52 B.R. 735, 737 (Bankr. S.D.N.Y. 1985); 4 Collier on Bankruptcy ¶ 523.07[7], at 523-38 (Lawrence P. King ed., 15th ed. rev. 1997); <u>cf.</u> <u>Bruning v. United States</u>, 376 U.S. 358, 360 (1964) (in considering post-petition interest, stating: "In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt.").

Following <u>Larson</u>'s reasoning, interest on a tax debt is part of the underlying tax debt. Therefore, § 6621(c) interest is part of the underlying tax debt and is treated like a tax under § 507 of the Bankruptcy Code. The interest at issue was assessed within 240 days of the filing of the petition, and it is therefore excepted from discharge under §§ 523(a)(1)(A) and 507(a)(8)(A)(ii).[5]

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment affirming the bankruptcy court's judgment.

---

[5] Accordingly, we reject the holding in <u>Faden v. United States (In re Faden)</u>, No. 91-46948-H3-7, Adversary No. 92-4519 (Bankr. S.D. Tex. Nov. 12, 1993) (unpublished), that § 6621(c) interest is a nonpecuniary penalty. We also decline to address arguments made by Hardee in his reply brief. <u>See</u> <u>NLRB v. Cal-Maine Farms, Inc.</u>, 998 F.2d 1336, 1342 (5th Cir. 1993) ("As this court has repeatedly held, we will not review arguments raised for the first time in a reply brief.").

12