T.C. Memo. 2000-181


UNITED STATES TAX COURT


PATTY K. COPELAND, A.K.A. PATTY K. WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ALVIN C. COPELAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 23228-90, 23229-90.    Filed June 14, 2000.


<u>J. Grant Coleman</u>, for petitioners.

<u>Elaine Harris Warren</u> and <u>Thomas L. Fenner</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  In these consolidated cases, respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows:

| Year | Deficiency | Additions to Tax | | | | |
|------|-----------|------------|------------|---------------|---------------|-----------|
| | | Sec. 6621(c) | Sec. 6653(a) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 |
| Patty K. and Alvin C. Copeland | | | | | | |
| 1979 | $197,476 | * | $10,054 | -- | -- | -- |
| 1980 | 203,319 | * | 9,927 | -- | -- | -- |
| 1981 | 164,065 | * | -- | $22,462 | ** | $80,086 |
| 1982 | 170,990 | * | -- | 24,323 | ** | 67,608 |
| 1983 | 127,523 | -0- | -- | -0- | -0- | -0- |
| Alvin C. Copeland | | | | | | |
| 1985 | $ 1,440 | -0- | -- | -0- | -0- | -0- |

     * 120 percent of interest accruing after Dec. 31, 1984, on portion of underpayment attributable to a tax-motivated transaction.

     ** 50 percent of interest due on portion of underpayment attributable to negligence.

This matter is before us on the parties' cross-motions for partial summary judgment with regard to the following legal issues: (1) Whether, in analyzing claimed losses relating only to the amount of "out-of-pocket" cash invested in limited partnerships, the profit objective of the investments should be measured at the partnership level or at the individual partner level; and (2) whether increased interest under section 6621(c) applies to petitioners' tax deficiencies attributable to petitioners' limited partnership investments.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

Many of the facts have been stipulated and are so found.

Petitioners resided in Metairie, Louisiana, at the time they filed their petitions.

The activities and transactions of the limited partnerships involved herein, Garfield Oil and Gas Associates, a Utah limited partnership, and Cardinal Oil Technology Partners, a Pennsylvania limited partnership (hereinafter referred to as the Garfield and Cardinal limited partnerships or as the partnerships), are substantially identical to those of the limited partnerships involved in our test case opinion in Krause v. Commissioner, 99 T.C. 132, 133-167 (1992), affd. sub nom. Hildebrand v. Commissioner, 28 F.3d 1024 (10th Cir. 1994).

On their respective Federal income tax returns for the years in issue, petitioners claimed large losses and interest deductions relating to their investments as limited partners in the Garfield and Cardinal limited partnerships. Respondent disallowed these claimed losses and interest deductions, and petitioners filed the instant petitions contesting respondent's adjustments. Petitioners now concede all of the originally claimed tax benefits relating to their investments in the partnerships, and petitioners seek a loss deduction only for the amount of cash they invested in the partnerships.

After a lengthy trial in the Krause test cases, we analyzed the objectives and activities of the particular partnerships involved in Krause. We concluded that the partnerships' activities were not conducted at arm's length, that they were not legitimate transactions with economic substance, and that they lacked a profit objective. We concluded that the licenses and

leases entered into by the partnerships were not supported by economic substance, did not conform to industry norms, and precluded any realistic opportunity for profit. See id. at 169, 175. We sustained respondent's disallowance of the claimed losses and interest deductions relating to the taxpayers' investments in the partnerships, and we imposed an increased interest rate under section 6621(c).

Petitioners herein stipulate that the factual findings made in the Krause test case opinion with regard to the partnerships involved therein also apply to the activities of the Garfield and Cardinal limited partnerships. We treat this stipulation as an admission that the activities of the Garfield and Cardinal limited partnerships were not conducted at arm's length, that they were not legitimate transactions with economic substance, and that they lacked a profit objective.

## Discussion

As we explained in Vanderschraaf v. Commissioner, T.C. Memo. 1997-306, affd. without published opinion 211 F.3d 1276 (9th Cir. 2000), it is well established that the issue under section 183 as to whether a partnership investment has associated with it economic substance and a profit objective is determined at the partnership level. See Pasternak v. Commissioner, 990 F.2d 893, 900 (6th Cir. 1993), affg. Donahue v. Commissioner, T.C. Memo. 1991-181; Simon v. Commissioner, 830 F.2d 499, 507 (3d Cir.

1987), affg. T.C. Memo. 1986-156; Krause v. Commissioner, supra at 168 (and cases cited therein); Drobny v. Commissioner, 86 T.C. 1326, 1341 (1986) (motion to vacate denied at T.C. Memo. 1995-209, affd. 113 F.3d 670 (7th Cir. 1997)); Brannen v. Commissioner, 78 T.C. 471, 505 (1982), affd. 722 F.2d 695 (11th Cir. 1984); Hager v. Commissioner, 76 T.C. 759, 782 n.11 (1981).

In analyzing economic substance and the profit objective test, courts focus on actions of the partners who manage affairs of the partnerships and upon the underlying activities of the partnerships. See Hill v. Commissioner, 204 F.3d 1214 (9th Cir. 2000); Thomas v. United States, 166 F.3d 825, 832-834 (6th Cir. 1999); Drobny v. Commissioner, 86 T.C. at 1341 (citing Brannen v. Commissioner, 78 T.C. at 504-505); Fox v. Commissioner, 80 T.C. 972, 1007-1008 (1983), affd. without published opinion 742 F.2d 1441 (2d Cir. 1984), affd. sub nom. Barnard v. Commissioner, 731 F.2d 230 (4th Cir. 1984), affd. without published opinions sub nom. Hook v. Commissioner, Kratsa v. Commissioner, Leffel v. Commissioner, Rosenblatt v. Commissioner, Zemel v. Commissioner, 734 F.2d 5, 6-7, 9 (3d Cir. 1984).

Under any other approach, different results would accrue to partners in the same partnerships even though the partners themselves may have had no control over activities of the partnerships. See Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 729 (9th Cir. 1986), affg. Lahr v. Commissioner, T.C. Memo. 1984-472; Resnik v. Commissioner, 66

T.C. 74, 81 (1976), affd. per curiam 555 F.2d 634 (7th Cir. 1977). For these reasons, in analyzing the economic substance and the profit objective of limited partnership investments, in particular, individual actions of limited partners are not the focus of the analysis.

An analysis of the economic substance and the profit objective element at the partnership level under section 183 is consistent with and follows the general rule of Federal partnership taxation that the treatment of partnership income, loss, deduction, or credit items is to be determined at the partnership level. See sec. 702(b); Podell v. Commissioner, 55 T.C. 429, 433 (1970) (citing Estate of Freeland v. Commissioner, 393 F.2d 573 (9th Cir. 1968), affg. T.C. Memo. 1966-283); sec. 1.702-1(b), Income Tax Regs.

Section 761(a) defines a partnership for Federal income tax purposes essentially as a group, joint venture, or other unincorporated organization through which any business, financial operation, or venture is carried on. See also section 7701(a)(2) and section 1.761-1(a), Income Tax Regs., under which the term "partnership" is defined more broadly than the common-law meaning of partnership.

We discern no reason to deviate from the above partnership-level approach merely because petitioners herein have conceded the originally claimed partnership tax benefits and are now

seeking a deduction only for their out-of-pocket cash invested in the partnerships.

The Garfield and Cardinal limited partnerships did not constitute mere passive coowners of property. These limited partnerships entered into transactions, formed joint ventures, operated gas wells, and engaged in various other activities. They carried on a financial operation or venture. They are to be treated as partnerships under section 761(a) even though the underlying activities of the partnerships lacked a profit objective under section 183. The Garfield and Cardinal limited partnerships each had the formal indicia of partnership status and conducted themselves generally as partnerships. They are to be treated as partnerships.

The issue herein under section 183 as to profit objective is to be analyzed at the partnership level. The parties' stipulation that activities and transactions of the Garfield and Cardinal limited partnerships were not entered into with a profit objective does not affect the status of the partnerships as partnerships for Federal income tax purposes.

## Section 6621(c) Increased Interest

With regard to increased interest under section 6621(c), among other arguments, petitioners contend that the temporary regulations under section 6621 that extended increased interest to transactions lacking a profit objective are invalid and that

imposition against them of increased interest would violate due process of law.[1]  See sec. 301.6621-2T, A-4, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 50392 (Dec. 28, 1984).

As we explained in Krause v. Commissioner, 99 T.C. at 180, imposition of increased interest under section 6621(c), and its predecessor section 6621(d), is largely mechanical.  Section 6621(c) provides an increased rate of interest for substantial underpayments attributable to tax-motivated transactions. Substantial underpayments are defined as underpayments in excess of $1,000.  By legislative regulation, see sec. 6621(c)(3)(B), among the types of transactions that are considered to be tax-motivated transactions within the meaning of section 6621(c) are those with respect to which related tax deductions are disallowed under section 183 for lack of profit objective.  See Rybak v. Commissioner, 91 T.C. 524, 568 (1988); sec. 301.6621-2T, A-4(1), Temporary Proced. & Admin. Regs., 49 Fed. Reg. 50392 (Dec. 28, 1984).

We note that in 1986, in amending section 6621(c) to include sham transactions among the specified types of transactions that trigger increased interest, congressional reports expressly commented with approval on the temporary legislative regulations under section 6621(c) that included lack of profit motive or

---

[1]    As of June 30, 1990, respondent asserts approximately $250,000 of increased interest under sec. 6621(c) and in excess of $2 million of regular interest under sec. 6621(a).

objective as a ground for increased interest.  See H. Conf. Rept. 99-841 at II-796 (1986), 1986-3 C.B. (Vol. 4) 796 (Statement of the Managers).

The validity of the above regulation (and the applicability of section 6621(c) increased interest) to partnerships essentially the same as the Garfield and Cardinal partnerships involved herein was analyzed at length and expressly sustained by the Court of Appeals for the Ninth Circuit in its recent opinion in Hill v. Commissioner, 204 F.3d at 1220.  Also, imposition of increased interest under the above regulation in the Krause test case was sustained by the Court of Appeals for the Tenth Circuit in its opinion in Hildebrand v. Commissioner, 28 F.3d at 1028.

In a number of cases, the Court of Appeals for the Fifth Circuit has sustained imposition of increased interest under section 6621(c).  See Durrett v. Commissioner, 71 F.3d 515 (5th Cir. 1996), affg. in part and revg. in part T.C. Memo. 1994-179; Chamberlain v. Commissioner, 66 F.3d 729 (5th Cir. 1995), affg. in part and revg. in part T.C. Memo. 1994-228.  In Heasley v. Commissioner, 902 F.2d 380 (5th Cir. 1990), revg. T.C. Memo. 1988-408, the Court of Appeals for the Fifth Circuit, on the facts of that particular case, reversed our holding that increased interest under section 6621(c) applied to the transactions in question.  In none of these cases did the Fifth Circuit suggest the invalidity of the regulations under section

6621(c) or any due process problem in the imposition of increased interest under section 6621(c).

As part of their due process argument, petitioners note that the accrued interest has, over the years, accumulated against them to an amount far in excess of the income tax deficiencies. Respondent counters that the bulk of the accrued interest consists not of increased interest under section 6621(c) but of regular interest under section 6621(a).

Petitioners' reliance on Law v. Commissioner, 84 T.C. 985 (1985), and In re Hardee, 137 F.3d 337 (5th Cir. 1998), is misplaced. Law v. Commissioner, supra, involved an untimely attempt by respondent to raise increased interest in an amended answer. In re Hardee, supra, was a bankruptcy opinion in which it was held that section 6621(c) increased interest does not constitute a penalty for purposes of the Bankruptcy Code.

Apart from section 183 and the determination of profit objective thereunder, petitioners contend that for purposes of increased interest under section 6621(c) the language of section 6621 imposes its own, separate profit objective test at the partner-investor level. We disagree. As the Court of Appeals for the Tenth Circuit stated in Hildebrand v. Commissioner, supra at 1028, "Section 6621(c)(1) imposes an increased rate of interest on 'any substantial underpayment attributable to tax motivated transactions,' which include activities not engaged in for profit."

In the Court of Appeals for the Ninth Circuit's opinion in

Hill v. Commissioner, supra at 1220, the following explanation is

dispositive of petitioners' arguments:

> "We specifically reject Krause's assertion
> that the Tax Court erred in finding Barton
> Income Fund liable for an increased rate of
> interest because a transaction which is
> determined to lack a profit motive does not
> equal a tax-motivated transaction under
> section 6621.  Section 6621(c)(1) imposes an
> increased rate of interest on 'any
> substantial underpayment attributable to tax
> motivated transactions,' which include
> activities not engaged in for profit." * * *
> [Quoting in part Hildebrand v. Commissioner,
> 28 F.3d at 1028.]

> The reasoning in Hildebrand is sound:  the Secretary
> has authority to define certain transactions as tax
> motivated, the Secretary has defined transactions
> lacking a profit motive under section 183 as tax
> motivated, the transactions in this case lack a profit
> motive under section 183, petitioners' activities
> relating to these transactions are therefore tax
> motivated.

> A close examination of section 6621(c)
> demonstrates that the Secretary is well within the
> granted regulatory power to simply equate the violation
> of one code section with a violation of section
> 6621(c).

> *       *       *       *       *       *       *

> These, and the remaining "tax motivated
> transactions" set out in section 6621(c)(3)(A) show a
> legislative pattern established by Congress which
> treats violations of certain code sections as implicit
> violations of section 6621(c).  The Secretary simply
> followed this pattern pursuant to the regulatory
> authority granted in section 6621(c)(3)(B) by
> establishing regulations that make a violation of
> section 183 a tax motivated transaction.

Language in Heasley v. Commissioner, supra at 386, suggesting that profit objective, for purposes of section 6621(c) increased interest, be evaluated at the individual investor level is not apropos. Heasley did not involve a partnership investment.

In light of the lack of profit objective and the lack of economic substance associated with the activities and investments of the Garfield and Cardinal limited partnerships, petitioners are liable for increased interest under section 6621(c). Other arguments made by petitioners and not addressed specifically herein have been considered and are rejected.

For the reasons stated, respondent's imposition of increased interest under section 6621(c) is sustained. We shall grant respondent's motion for partial summary judgment and deny petitioners' motion for partial summary judgment.

To reflect the foregoing, an appropriate order will be issued.